**People of the State of Illinois, Plaintiff-Appellee, v. L. D. Gregory, Defendant-Appellant.**

**Gen. No. 51,270.**

First District, First Division.

December 5, 1966.

Calvin D. Trowbridge, Jr., of Chicago, for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and James B. Klein, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE KLUCZYNSKI delivered the opinion of the court.

Defendant, L. D. Gregory, was indicted and tried by the court for the crimes of burglary and rape. He was found guilty of both crimes and sentenced to not less than seven nor more than fifteen years in the penitentiary. On appeal he does not contest the sufficiency of the evidence but advances certain procedural and constitutional errors as grounds for reversal.

Defendant contends that the indictment was insufficient in law. The indictment charged in count one that "the defendant at and within the County of Cook committed the offense of burglary, in that he without authority, knowingly entered into a building, to wit: dwelling house of Robbie Roberts, with the intent to commit therein rape" and in count two that "the defendant at and within the County of Cook committed the offense of rape, in that he, had sexual intercourse with Linda Roberts, not his wife, by force and against her will." Neither count gave the street address at which the crimes occurred and defendant argues that this failure to specify the street address renders the indictment insufficient "because it fails to state an offense as prescribed by statute. Ill Rev Stats 1963, ch 38, § 111–3 (a) (4)." Defendant further argues that the failure to state the place of the alleged offenses with greater specificity deprived him of his right to due process of law under the Constitution of Illinois, art II, § 9, as he is entitled "to be apprised of the nature and cause of the accusation against him."

At trial defendant did not move to quash the indictment or to obtain a bill of particulars but proceeded to defend on the merits. An unobjected to oral motion in arrest of judgment was made and denied and defendant asserts that this latter motion preserves the question of the sufficiency of the indictment for review.

However, whether the defendant may now for the first time raise the question of the sufficiency of the

indictment is irrelevant since our Supreme Court has passed upon the statutory requirement relied on by defendant and effective at the time of his trial, section 111–3(a)(4), ch 38 of Ill Rev Stats 1963, and specifically held that this requirement is satisfied when the county wherein the offense occurred is stated in the indictment. People v. Blanchett, 33 Ill2d 527, 212 NE2d 97 (1965); People v. Reed, 33 Ill2d 535, 213 NE2d 278 (1965).

■ Moreover, the holding in these cases and in others that have followed, see People v. Teague, 66 Ill App2d 338, 214 NE2d 522 (1966), make it clear that the constitutional requirement of advising defendant of the nature and cause of the charge against him is likewise satisfied by stating the place of the offense by county only. Therefore, we find no error in this regard.

Defendant next contends that he "has a constitutional right under due process of law to be apprised of the crime for which he is incarcerated" and that this right was violated due to a conflict in the record rendering it uncertain for which crime he was imprisoned.

The common-law record, including the mittimus, indicates the finding, sentence and commitment on the burglary count alone. The Transcript of Proceedings, however, discloses that defendant was indicted for the crimes of burglary and rape; that evidence was heard on both counts, and that the trial judge made an oral pronouncement as follows: "I find the defendant guilty of burglary and rape in manner and form as charged in the indictment." Thereafter, the court sentenced the defendant "on the finding and judgment to the Illinois State Penitentiary for a term of not less than 7 years nor more than 15 years," a sentence which is within the statutory limits prescribed for both burglary and rape. See Ill Rev Stats 1965, ch 38, §§ 11–1(c), 19–1(b). Defendant argues that since the penalty imposed could be for either burglary or rape, or both, he does not know the crime or crimes for

which he has been imprisoned and that this is violative of due process of law.

In the alternative defendant argues that due to the failure of the common-law record to recite an adjudication on the charge of rape he should be adjudged innocent of that crime and his case remanded for resentencing on the ground that the sentence imposed was too severe for burglary alone. In this regard defendant urges that when a conflict exists between the common-law record and the bill of exceptions (the Transcript of Proceedings) the former controls. People v. Barg, 384 Ill 172, 51 NE2d 168 (1943). Therefore, since the adjudication in the common-law record makes no reference to the rape count, defendant claims that this is equivalent to an acquittal on that latter count.

With this latter contention of defendant we do not agree. When a conflict exists between the common-law record and the bill of exceptions the former does not necessarily control. As our Supreme Court held in People v. Williams, 27 Ill2d 327, 189 NE2d 314 (1963) at page 329:

> Although the common-law record imports verity and is presumed correct, where other facts appearing in the bill of exceptions are contradictory, this court will consider the matter upon the record as a whole.

A consideration of the record as a whole herein discloses that the defendant was indicted for both burglary and rape; that evidence, the sufficiency of which is not questioned here, was introduced as to both counts; that the trial judge made a finding of guilty on both counts, and that the court sentenced the defendant in accordance with these findings. Hence, the common-law record which does not reflect the adjudication on the rape count is in error but clearly this error does not

prejudice defendant and he is not entitled to an acquittal on that charge nor to a reduction in sentence.

We do, however, consistent with the proposition that a record in a criminal prosecution may be amended after term in which it was made if amendment is based on adequate memorial, People v. Valentine, 60 Ill App2d 339, 208 NE2d 595 (1965), remand this case with directions to correct the common-law record to conform to the truth: that the defendant was adjudged guilty of rape and sentenced on that judgment. In addition, although the record reads as though the trial judge had imposed one sentence of not less than seven nor more than fifteen years for a finding and judgment of guilty on two crimes, it is apparent, since each finding and judgment of guilty must be accompanied by an individual sentence, that the defendant was sentenced to two identical terms of not less than seven nor more than fifteen years, one term for each offense. We therefore further direct that the record be corrected to show explicitly that the defendant received two sentences of not less than seven nor more than fifteen years in the penitentiary, the sentences to run concurrently. People v. Horodecki, 15 Ill2d 130, 154 NE2d 67 (1958).

In view of our consideration of the record as a whole which yielded the above ordered corrections of the record, we believe that defendant's constitutional objection concerning his right to be apprised of the crime for which he has been incarcerated has been answered.

Finally, defendant contends that he was unconstitutionally denied "the assistance of counsel" during the interim between his arrest and arraignment.

Defendant was arrested on February 16, 1963, and arraigned on March 6, 1963, and at that time the public defender was appointed to represent him. Defendant asserts that this two and a half week interim period constituted a "critical stage" of the proceedings against

him and that, therefore, the failure of the court to provide him with counsel during this period violates the Sixth Amendment of the United States Constitution as applied to the states through the Fourteenth Amendment. Gideon v. Wainwright, 372 US 335 (1963).

In support of this contention defendant argues that the lack of counsel during the interim period "substantially hindered the preparation of his defense" because he did not have an equal opportunity to have a factual investigation made on his behalf. Defendant cites the Escobedo v. Illinois, 378 US 478 (1964), case as buttressing his contention that the interim period was a critical stage of the proceedings against him since he contends that the legal process had shifted from "investigatory to accusatory."

With this we cannot agree. Clearly, Escobedo is limited to a situation involving a confession or admission of defendant made without assistance of counsel and the record shows that the defendant herein made no such statement. During the interim period no evidence of any kind was secured from him and, therefore, he lost no rights prior to appointment of counsel at his arraignment. We hold that defendant was not unconstitutionally deprived of his right to assistance of counsel.

Judgment affirmed and remanded to correct the record as herein provided.

MURPHY and BURMAN, JJ., concur.