Joyce Enlow, Administrator of the Estate of Robert Enlow, Deceased, and LaVerne Cruse, Administrator of the Estate of Martin A. Cruse, Deceased, Joyce Enlow and LaVerne Cruse, Plaintiffs-Appellants, v. Illinois Central Railroad Company, an Illinois Corporation, Marie J. Mullins, Executor of the Estate of Everett J. Mullins, Deceased, and Community Unit School District 272 of Amboy, Illinois, Defendants-Appellees.

Gen. No. 68–62.

Second Judicial District.

December 13, 1968.

Rehearing denied and opinion modified January 20, 1969.

Perona and Perona, of Spring Valley, for appellants.

Gunner and Keller, George F. Nichols, and Dixon, Devine, Ray & Morin, of Dixon, for appellees.

MODIFIED OPINION ON DENIAL OF PETITION OF COMMUNITY UNIT SCHOOL DISTRICT FOR REHEARING.

MR. JUSTICE SEIDENFELD delivered the opinion of the court.

Plaintiffs appeal from the entry of judgments on not guilty verdicts of the jury and from the denial of the post-trial motion. The case involves claims for wrongful death, and for funeral expenses under the Family Expense Act.

The case was tried under an amended complaint in which the defendants Marie J. Mullins, Executor of the Estate of Everett J. Mullins, Deceased, and the Community Unit School District 272, were charged only with willful and wanton misconduct. In separate Counts X and XI, plaintiffs sought recovery against the defendant School District only, charging it "was negligent in

requesting Robert Enlow and Martin A. Cruse to perform services for the School District." The case against the Railroad proceeded under allegations of ordinary negligence. However, the original complaint in Counts III and IV had charged the Mullins and School defendants with ordinary negligence, but these Counts were dismissed on motion of the defendants.

The case involves a crossing accident in which there was a collision between the train of the defendant Railroad and a school truck being driven by defendant Everett J. Mullins, a janitor employed by the defendant School District, on September 20th, 1966. About 3:25 p. m. on that day, the janitor had asked the school principal for permission to use some of the eighth grade boys to load a drag or grader on the school truck. The principal testified that nothing was said about the boys doing anything other than load the drag on the truck; but he further testified that the janitor, Everett J. Mullins, was going to take the drag from the school playground to the road commissioner who lived across the tracks from the grade school in the Village of Eldena. The principal approached the eighth grade boys and told them that Mullins needed some help and asked if anyone wanted to help. Five of the boys raised their hands, including Martin Cruse and Michael Enlow who were then fourteen years old. After loading the "drag," the boys were riding in the back of Mullins' truck from the time the truck left the school grounds until the time of the accident.

Between the village and the school there were two gravel roads, one running parallel to the railroad tracks on the east side and another road which crosses the tracks. The railroad tracks run in a northwesterly-southeasterly direction. The only warning signals located at the crossing were wooden crossbuck signs. At the crossing, the gravel road upon which the Mullins' truck travelled turns west. The railroad line is approximately 2.3 feet above the surface of the roadway. The gravel

road curves as it goes over the tracks at nearly a 70-degree angle. From the crossing you could see a half mile south along the railroad tracks. There was no obstruction to seeing a train coming from the south and the visibility was good from the gravel road and then west. Traffic at this crossing, as shown by a traffic count, was relatively light; and there was another crossing to the north which people could use going to and from schoool.

The truck approached the railroad crossing at a speed of approximately 10 miles per hour as the train approached the crossing from the south at approximately 45 to 50 miles per hour. A witness testified that as the truck turned toward the crossing she saw the train 165 to 200 feet south of the crossing. She further testified that the truck never changed speed to the point of collision. The engineer on the train testified that he saw the truck approaching the crossing when the train was one-quarter of a mile away from it.

The driver and all of the boys in the truck were killed as a result of the accident.

There was conflicting testimony from witnesses and from the train crew as to whether the whistle blew on the train as a warning. The train locomotive was running backwards. The brakes on the locomotive were applied when the locomotive was within a few feet of the crossing by the engineer at the direction of another crew member. The train stopped about 900 feet north of the crossing after the collision.

When the boys got in the back of the truck, three were sitting on the left side facing northerly and two were sitting on the right side facing southerly, but there was no testimony as to where Robert Enlow or Martin Cruse were sitting. One of the trainmen testified that none of the boys turned their heads towards the train until the split second before the accident, and as the truck started to cross the tracks the boys stood up in back and looked at the train just as it hit them. Another witness, Lola

273

Fields, was looking at the boys as the truck approached the tracks and saw no movement by any of them to the very point of collision.

There was testimony that Mullins never turned his head to look either way and at all times was looking straight ahead. There was further testimony that "it looked as if Mullins was going to stop at any moment."

We will consider first the claim of plaintiffs that it was error to dismiss Counts III and IV of the original complaint charging ordinary negligence. This involves only the case against Mullins and the School District. Both Counts contain similar allegations, but Count III was for the damages as the result of the death and Count IV was for the funeral expenses. The portion of the pleading attacked by a motion to strike contained the following allegations:

> "8. That it was the duty of the defendant School District and Everett J. Mullins to use ordinary care so that Robert Enlow and Martin A. Cruse would not be injured."
>
> " . . .
>
> "11. That the said Robert Enlow and Martin A. Cruse were not guests in the vehicle of Everett J. Mullins, but instead were passengers performing a service solely for the benefit of Everett J. Mullins and Community Unit School District 272 of Amboy, Illinois, to wit: helping said defendant School District and Everett J. Mullins, return a grader to its owner at the sole request of the said defendants, School District and Everett J. Mullins."

The court in sustaining the motion to dismiss stated in a letter:

> "The Court further sustains the motion to dismiss as there is no allegation or charge of willful or wanton misconduct against the defendant.

"The petition alleges in the complaint the conclusion that Martin A. Cruse and Robert Enlow were not guests in the vehicle of Everett J. Mullins, but instead were passengers. It has been repeatedly held by our courts and I have read all the cases submitted by counsel; that a guest is one who the operator of a motor vehicle invites to ride with him without financial or other return and where the relationship does not provide for tangible benefit for the driver.

"According to the allegation in the complaint it appears to the Court that the boys were, at most, engaged in a joint enterprise with the driver of the vehicle and there must be an allegation of willful and wanton misconduct.

"I assume the plaintiff will ask leave to file an amended complaint which will be granted and fifteen days allowed in which to file the amendment."

The Mullins' estate and the School District argue that the court properly struck the allegations as conclusions of the pleader and that the plaintiffs have waived the point by filing their amended counts based on allegations of willful and wanton misconduct, rather than pleading ordinary negligence and willful and wanton misconduct in the alternative.

These defendants take the position that the trial court's ruling was correct under the case of Darling v. Charleston Memorial Hospital, 50 Ill App2d 253, 310, 200 NE2d 149 (1964). While the citation confirms the rule that averments in a complaint as to the *duty* of a defendant are mere conclusions, and it is not sufficient to allege generally the duty of the defendant but that the plaintiff must state alleged facts from which the law will raise the duty, the opinion goes on to state:

"An allegation of duty, as such, is surplusage—if the facts stated raise the duty the allegation is unnecessary—if they do not it is unavailing . . . ."

275

We believe that the allegations of fact contained in paragraph 11 of Count III and realleged as paragraph 11 in Count IV are sufficient to raise the duty of ordinary negligence as an issue in the case, and to state a factual situation under which the Illinois Guest Statute (Ill Rev Stats 1967, c 95½, § 9–201) is inapplicable. The part of that Statute material here is:

> "No person riding in or upon a motor vehicle or motorcycle as a guest without payment for such ride, or while engaged in a joint enterprise with the owner or driver of such motor vehicle or motorcycle . . . shall have a cause of action for damages against the driver or operator of such motor vehicle. . . ."

■■■■ In addition to stating that the plaintiffs' intestates were passengers and not guests, the original pleading further stated the facts that the passengers were performing a service solely for the benefit of Mullins and the School District in helping said defendant School District and Mullins to return a grader to its owner at the sole request of the defendants. We believe that this sufficiently alleges that the boys were not either guests of Mullins or engaged in a joint enterprise with him. The basic rule of law is that if the transportation confers only a benefit incident to hospitality, companionship or the like, a motor vehicle passenger is a "guest" within the meaning of the Guest Statute; but if the transportation is primarily for some objective or purpose of the operator, the passenger is not a "guest" within the meaning of the Statute. Sinclair v. Thomas, 90 Ill App2d 114, 119, 120, 234 NE2d 368 (1967); Gass v. Carducci, 37 Ill App2d 181, 185–187, 185 NE2d 285 (1962). We further believe that the original complaint sufficiently alleged that the boys were not engaged in a joint enterprise. To define a joint enterprise there must be evidence of a common *business* purpose in which the occupants are mutually interested in the trip itself as part of such purpose and

where each is responsible for the manner in which the car is operated. Grubb v. Illinois Terminal Co., 366 Ill 330, 339, 8 NE2d 934 (1937); Smith v. Bishop, 32 Ill2d 380, 385, 205 NE2d 461 (1965). Here the original complaint was sufficient to show that there was no mutual interest in the purpose of the automobile ride, and that the purpose was not a business purpose to the boys. It was sufficient to advise the opposing party of the case which the plaintiffs would attempt to prove and, of course have the burden of proving. Kita v. YMCA of Metropolitan Chicago, 47 Ill App2d 409, 425, 198 NE2d 174 (1964).

■ Nor do we believe, under the circumstances, that the plaintiffs have waived the error in failing to plead over in the alternative. It seems clear in the context of the trial judge's statements that he would not entertain a complaint that was not based on willful and wanton misconduct as far as the Mullins and School Board defendants were concerned. It was logical for the plaintiffs to assume that the trial judge was ruling as to the merits of the issue and was attempting to narrow the points he would consider under the amended complaint. While it is not an identical situation, the courts have denied the necessity of filing a post-trial motion in a case heard by the court without a jury on the ground that it would seem illogical to require a party to address the same arguments to the same judge on the identical questions before proceeding to review. Larson v. Harris, 77 Ill App 2d 430, 434, 222 NE2d 566 (1966).

Inasmuch as we have determined that it was error for the court to refuse to permit the case to go forward under the issues of ordinary negligence against the defendants, Mullins and the School District, we will not consider the other claims of error made by the plaintiffs to the effect that even under the willful and wanton issue it was error not to direct a verdict or to enter judgment notwithstanding the verdict.

 We view the appeal of the not guilty verdict in favor of the defendant Railroad in an entirely different posture, however. We have been unable to find any evidence in the record which would support a finding that the Railroad was negligent. Plaintiffs claim error in the refusal of the court to allow them to amend their complaint against the Railroad after the proofs, but we have found no such error within the rule that amendments after the close of a party's case are discretionary and the court's discretion will not be upset unless there is an abuse of discretion and the materiality of the amendments to the evidence already introduced is apparent. Such circumstance is not apparent in this case. McCartney v. McCartney, 8 Ill2d 494, 497, 134 NE2d 789 (1956). The requested amendment charged that the trainmen were incompetent and inexperienced, that operating the locomotive backwards was negligence, and that it was negligent to schedule the train to cross at a time when school was dismissed. There is no evidence in the record to support any of these charges and the trial court properly exercised its discretion in refusing the amendment after proofs.

Plaintiffs have also urged error in the giving and refusing of certain instructions in the case against the Railroad. The original abstract of the plaintiffs included the instructions given and refused, but did not include the conference on instructions. After the appellee's brief for the Railroad had been filed, the plaintiffs sought to file an additional abstract containing the conference on instructions and the Railroad filed a motion to strike the additional abstract, which motion we have taken with the case. In support of its motion, the Railroad refers to Supreme Court Rule 342(e) (Ill Rev Stats 1967, c 110A, § 342) as providing only for the filing of an original abstract by the appellee.

■ ■ It is clear that an instruction cannot be urged as error unless a specific objection has been raised to it in the conference on instructions, and that except for particularly specified objections the party is considered as consenting by implication to the instructions and cannot later complain about them. Allen v. Howard Bowl, Inc., 61 Ill App2d 314, 317, 210 NE2d 342 (1965). Therefore, matters required for a full understanding of the question presented were not abstracted in accordance with the rule. Beatrice Foods Co. v. Gallagher, 47 Ill App2d 9, 16, 197 NE2d 274 (1964). Appellants urge that subparagraph (g) of the rule, referring to our right to consider the entire record, should be applied. We grant the motion to strike the additional abstract of appellants, however, because we believe it unfair to ask leave to file the additional abstract after the Railroad's brief was already filed and properly did not argue the merits of instructions but urged the procedural error. We have, however, considered the instructions abstracted as a series and are of the opinion that they fairly and fully informed the jury of the relevant principles of law involved. Irwin v. Omar Bakeries, Inc., 48 Ill App2d 297, 304, 198 NE2d 700 (1964).

■ We also find that the separate Counts X and XI, charging the District with negligence in requesting that its students perform services for it, were properly submitted to the jury. We will not disturb the finding below in this respect, as we find that the jury's verdict on these separate Counts was amply supported by the evidence and is affirmed.

The judgment in the case of the plaintiffs against the defendants Everett J. Mullins and Community Unit School District 272 of Amboy, Illinois, is reversed (except as to Counts X and XI against the School District) and the cause remanded for a new trial consistent with this

opinion. The judgment in the case of the plaintiffs against the Illinois Central Railroad Company, an Illinois Corporation, is affirmed.

Reversed and remanded in part, affirmed in part.

ABRAHAMSON and DAVIS, JJ., concur.