THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JEROME THOMPSON, Defendant-Appellant.

First District (4th Division)   No. 76-1246

Opinion filed August 4, 1977.

James J. Doherty, Public Defender, of Chicago (Saul H. Friedman and Donald S. Honchell, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Larry L. Thompson, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE ROMITI delivered the opinion of the court:

Jerome Thompson, defendant, was found guilty after a bench trial of unlawful use of weapons and failure to possess a State firearm owner's identification card. (Ill. Rev. Stat. 1975, ch. 38, pars. 24—1(a)(10) and 83—2.) He was sentenced to a term of two years' conditional discharge and one day in the House of Correction, and assessed costs in the amount of $20. He contends that the trial court improperly denied his motion to suppress certain statements made to the police and to suppress as evidence the gun seized during the incident. He also contends that he was not proven guilty beyond a reasonable doubt of the offense of unlawful use of weapons. No question is raised concerning the conviction for failure to possess a State firearm owner's identification card.

We affirm.

At the hearing on the motion to suppress, defendant testified that he was riding as a passenger in the front seat of an automobile driven by Phillip Allen. Billy Allen was a passenger in the rear seat. Defendant related that the vehicle was stopped by the police, who, with guns drawn, removed Phillip Allen from the car and handcuffed him. The witness and Billy Allen were then removed and searched and one of the officers entered the rear seat area of the car where he recovered a handgun. The police displayed no warrant for their arrests or search of the car.

Defendant further testified that they were transported to the police station, where he was told to "shut up" by an officer who threatened to "drop the building on" him. He related that he thereafter told the police that the gun in question belonged to him. He denied telling the police while at the scene that the gun belonged to him or that he had placed the gun "under there," denied that he was ever advised of his constitutional rights, and claimed that he was in the car only five to 10 minutes that day.

One of the arresting officers testified at the hearing that he and his partner had been assigned to the tactical unit that day, and that he observed Phillip Allen driving the car in question. He related that he had known Phillip Allen for a year or more, and that Allen's name and photograph appeared on a daily police bulletin in connection with an investigation for armed robbery. He stated that although the bulletin, in his possession at the time of the stop, was about 17 days old, he had checked the intervening bulletins which did not disclose that Allen's name had been removed from the wanted list. The officer testified that the car was then stopped and all three occupants were placed under arrest upon their exit from the vehicle. Phillip Allen was arrested in connection with the investigation of the armed robbery, and defendant and Billy Allen were arrested for disorderly conduct. The officer testified that he thereupon entered the subject car, as the three occupants stood to its rear, and recovered a loaded handgun tied behind the rear seat. The officer emerged from the car with the gun in his possession, saying nothing to the occupants. As the officer emerged, the defendant stated, "that's my gun." The defendant and the others were transported to the police station where the officer advised defendant of his constitutional rights, which he (defendant) stated he understood. The officer testified that defendant then told him that he had been riding in the car for several days, that he had placed the gun in the rear seat, and that the gun did not belong to the owner of the car.

The trial court denied the motion to suppress. In denying the motion the court stated that although the officers had no right to arrest defendant on a charge of disorderly conduct, they did have the right to detain him as being in the company of a person wanted for an armed robbery, and that during such detention the officers had the right to search the car for their own protection.

The parties stipulated that the evidence adduced at the hearing on the motion to suppress would be the same as that adduced at the trial of the matter, with the exception of hearsay evidence. Additionally, the arresting officer testified that defendant was unable to produce a State firearm owner's identification card when requested by the officer. Defendant was found guilty as heretofore noted.

Defendant claims that the trial court should have suppressed the

statements and the gun as being products of the unlawful arrest of Phillip Allen and of the illegal search of Allen's car. We disagree.

■■ ■ The evidence demonstrates that Phillip Allen was properly arrested as a person wanted for armed robbery. (*People v. Robinson* (1976), 62 Ill. 2d 273, 276, 342 N.E.2d 356, 358.) It was also proper to search his person and his car not only for the arresting officers' own protection, but also to determine whether the car contained the weapon used in the armed robbery. See, *e.g., People v. Brown* (1967), 38 Ill. 2d 353, 231 N.E.2d 577; *People v. Thomas* (1964), 31 Ill. 2d 212, 201 N.E.2d 413, *cert. denied* (1965), 380 U.S. 936, 13 L. Ed. 2d 824, 85 S. Ct. 948; *People v. Palmer* (1976), 62 Ill. 2d 261, 342 N.E.2d 353, *cert. denied* (1976), 429 U.S. 871, 50 L. Ed. 2d 106, 97 S. Ct. 185; *People v. Cannon* (1974), 18 Ill. App. 3d 781, 310 N.E.2d 673.

■■ We would also note that the statements made by defendant at the arrest scene and at the police station were voluntarily and knowingly made, and that they were in no manner improperly induced by the alleged unlawful arrest of Phillip Allen or the alleged illegal search of his car, as defendant here contends. The first statement was volunteered to the police, and the second statement was given after defendant was warned of his constitutional rights and indicated he understood those rights. (See *People v. Walden* (1976), 43 Ill. App. 3d 744, 357 N.E.2d 232, and *People v. Oliver* (1973), 11 Ill. App. 3d 152, 296 N.E.2d 70.) Phillip Allen was properly arrested as a felony suspect, who could be armed, and his car was properly searched. Defendant's contention that he was prejudiced by that arrest and search is thus clearly without merit. See *People v. Brown* (1967), 38 Ill. 2d 353, 231 N.E.2d 577.

■■ Defendant also contends that the evidence failed to show he knew the gun was in the car, as required by the statute defining the offense of unlawful use of weapons of which he was found guilty. (Ill. Rev. Stat. 1975, ch. 38, par. 24—1(a)(10).) On the contrary, in his statement to the officers while at the police station, defendant admitted that he had been riding in the vehicle for several days and had placed the gun in the rear seat. At the trial he admitted making the statement to the police that the gun was his. Clearly, defendant was proven guilty beyond a reasonable doubt of unlawful use of weapons. There was also sufficient evidence adduced at trial to sustain the conviction for failure to possess a State firearm owner's identification card.

■■ We note that the sentence reflected in the common-law record is not in accord with that imposed by the trial court as to the one day period of incarceration, as reflected in the report of proceedings. In such circumstances the report of proceedings will prevail. (*People v. DePratto* (1976), 36 Ill. App. 3d 338, 343 N.E.2d 628.) The common-law record must be corrected accordingly. Ill. Rev. Stat. 1975, ch. 110A, par. 615.

For these reasons, the judgments entered by the circuit court of Cook County are affirmed. The common-law record is corrected to reflect that defendant was sentenced to a term of two years' conditional discharge with one day in the House of Correction, and assessed costs in the amount of $20.

Judgments affirmed. Record corrected.

DIERINGER, P. J., and LINN, J., concur.