*In re* TIMOTHY PACHECO, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* TIMOTHY PACHECO, Respondent-Appellant.)

First District (5th Division)    No. 77-873

Opinion filed December 22, 1978.

James J. Doherty, Public Defender, of Chicago (Dennis E. Urban and Frances Sowa, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and Linda Dale Woloshin, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE WILSON delivered the opinion of the court:

This is an appeal from an order committing respondent, Timothy Pacheco, a minor, to the Department of Corrections. Respondent raises two issues on appeal: (1) Whether the court erred in denying motions to dismiss a supplemental petition alleging an offense which was represented to be a violation of a condition of his probation; and (2) whether the court was without authority to commit him. We reverse.

On June 13, 1975, a petition for adjudication of wardship was filed charging respondent with theft and trespass. At a hearing on August 12, 1975, respondent was found to be a delinquent minor and was placed on probation for six months. On December 1, 1975, a petition for supplemental relief was filed alleging that respondent violated the terms and conditions of his probation by (1) leaving his custodian's premises for

almost one month, (2) concealing a knife while at his custodian's premises, (3) riding in a stolen auto, and (4) being arrested for disorderly conduct and possession of a knife. This petition was dismissed on December 2, 1975. On February 10, 1976, respondent's probation was extended to March 30, 1976, in response to a request for an extension. On February 12, 1976, the original six-month probation term expired. On February 27, 1976, another petition for supplemental relief was filed, this time charging respondent with "Attempt Armed Tobbery [*sic*]" and alleging that he threatened an individual with a club and attempted to take money from him. On March 5, 1976, a third petition for supplemental relief was filed alleging that respondent, on February 10, 1976, committed the offense of an unlawful use of a weapon by possessing a shotgun.

In March of 1976, while proceedings on the second supplemental petition were continued, a hearing was held on the third supplemental petition and respondent was found in violation of his probation due to his unlawful use of a weapon. The court revoked respondent's probation and ordered him committed to the Department of Corrections. This appeal followed:

OPINION

Respondent argues that the court below did not have the authority to extend his probation on February 10, 1976, without a finding that he had violated a condition of probation. He reasons that since the court had no authority to extend probation on February 10, the probation terminated on February 12, 1976, and the court acted erroneously during March of 1976 in finding that he had violated probation through the unlawful use of a weapon. We agree.

■■ Recently our supreme court held that probation may not be extended or revoked without notice and hearing and a finding that the minor has violated a condition of probation. (*In re Sneed* (1978), 72 Ill. 2d 326, 381 N.E.2d 272.) The first supplemental petition was the only one filed during respondent's probation. It was dismissed for want of prosecution. Admittedly, there was a hearing on February 10, 1976, which respondent attended, but no finding of a violation of a condition of probation was made at this hearing. Respondent's probation was extended at that time simply in response to a request by a probation officer. This was not sufficient. Since there was no finding of a violation of a condition of probation prior to February 13, 1976, respondent's probation expired on February 12, 1976. After this date the court had no authority to extend probation or revoke it and commit respondent to the Department of Corrections. The fact that the third supplemental petition alleged an offense on February 10, 1976, during respondent's probation, is

irrelevant in the situation before us. The third supplemental petition was not filed until March 5, 1976, long after probation expired. *Sneed* teaches that before a supplemental petition can affect probation, it must be filed during the probation term and, most importantly, a hearing on it must be held during the term at which a violation of a condition of probation is found. Neither requirement was met in the instant case. For this reason we find it unnecessary to consider the other issue raised by respondent and we reverse.

Reversed.

SULLIVAN, P. J., and LORENZ, J., concur.