THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
EMORY C. HAYSLETTE, Defendant-Appellant.

Third District    No. 81-644

Opinion filed July 8, 1982.

James R. Fritze, of Eagle, Colorado, for appellant.

Tony L. Brasel, State's Attorney, of Watseka (Matthew M. Schneider, Assistant State's Attorney, of counsel), for the People.

JUSTICE ALLOY delivered the opinion of the court:

Following a guilty plea to the offense of driving under the influence of intoxicating liquor (Ill. Rev. Stat. 1979, ch. 95½, par. 11—501(a)), the defendant, Emory C. Hayslette, was placed on court supervision for a period of one year, beginning December 3, 1979. Docket entries of the guilty plea proceedings held on December 31, 1979, indicate that the defendant was orally advised of the following conditions of his one year period of supervision: "(1) that the Defendant shall not violate any criminal law of this State nor of any other jurisdiction during the period of Supervision (2) that the Defendant shall pay a fine of $220 plus $25 costs $80 of bond to apply. Defendant granted until January 11, 1980 to pay balance of fine and costs. (3) that the Defendant shall attend DWI School at the Salvation Army or Iroquois County Mental Health Center and report his satisfactory completion of the same. (4) the Defendant shall not operate any motor vehicle within 6 hours of having consumed any alcoholic beverage which [*sic*] on Supervision (5) Defendant to file a report of his compliance with Supervision upon the termination thereof." An additional entry indicated that the State was to prepare the formal order of supervision.

The formal order of supervision, signed by the trial judge on January

4, 1980, contained the first four conditions cited above but omitted any reference to the fifth condition requiring the defendant to file a report upon the termination of his period of supervision.

On April 8, 1980, the defendant filed proof of his satisfactory completion of the D.W.I. school. No report was filed by the defendant following the termination of the one-year period of supervision on December 31, 1980.

On April 22, 1981, nearly four months after the defendant's period of supervision ended, the State filed a petition to revoke the defendant's supervision, alleging that the defendant committed the offense of driving while under the influence of intoxicating liquor on October 26, 1980, and that he failed to file a report of compliance with supervision at the termination of the one year period of supervision. The defendant moved on June 12, 1981, to dismiss the State's petition to revoke, alleging that the failure of the State to file the petition within the period of his supervision stripped the trial court of jurisdiction to hear the petition and that the filing of the petition in April 1981 for an alleged violation occurring in October 1980 denied him due process of law. The defendant's motion to dismiss was denied at a hearing held on August 31, 1981.

Following two continuances, a hearing was held on the State's petition to revoke the defendant's supervision on September 29, 1981. At that time the court found, based upon the stipulated evidence presented by the State, that the defendant violated the conditions of his supervision by driving while intoxicated. The court imposed an additional fine of $100 and $38.40 in court costs.

In this appeal, the defendant contends that the trial court lacked jurisdiction to revoke his supervision, because the one year period of supervision had run prior to the filing of the State's petition to revoke. In support of his contention, the defendant cites to section 5—6—4 of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 5—6—4), which provides for the violation, modification or revocation of probation, of conditional discharge and supervision. Section 5—6—4(a)(3) provides in part:

> "Personal service of the petition for violation of probation or the issuance of such warrant, summons or notice shall toll the period of probation, conditional discharge or supervision until the final determination of the charge, and the term of probation, conditional discharge or supervision shall not run until the hearing and disposition of the petition for violation."

The defendant asserts that there is no evidence in the record to show that the State did anything to toll the statutory period of supervision.

Although the defendant cites to no cases dealing directly with orders of supervision, and we were unable to locate cases specifically on point, a

number of cases dealing with probation revocation support the defendant's position that the trial court lacked jurisdiction to revoke his supervision. In 1978, our supreme court announced in *In re Sneed* (1978), 72 Ill. 2d 326, 381 N.E.2d 272, that probation may not be extended or revoked without notice and a hearing and a finding that the minor has violated a condition of his probation. Unless the State acts to toll the statute prior to the termination of the period of probation, probation cannot be revoked because it has, in fact, ended. (*People v. Randolph* (1981), 98 Ill. App. 3d 696, 424 N.E.2d 893.) Furthermore, the court has no authority to revoke probation after the period of probation has expired, even for an offense alleged to have occurred during the term of probation. *In re Pacheco* (1978), 67 Ill. App. 3d 396, 384 N.E.2d 986.

The defendant urges that we apply the rationale of these cases to reverse the trial court's finding that he violated the terms of his court ordered supervision. The State counters the defendant's argument with a two-pronged attack. First, the State argues that court supervision is a sufficiently distinguishable disposition from probation as to render the tolling provisions found in section 5—6—4 of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—6—4) and the case law interpreting those tolling provisions inapplicable. In support of its argument the State cites to those statutory provisions setting forth the incidents and conditions of court supervision. (Ill. Rev. Stat. 1979, ch. 38, par. 1005—6—3.1.) Subparagraphs (d), (e) and (f) of those provisions read as follows:

"(d) The court shall defer entering any judgment on the charges until the conclusion of the supervision.

(e) At the conclusion of the period of supervision, if the court determines that the defendant has successfully complied with all of the conditions of supervision, the court shall discharge the defendant and enter a judgment dismissing the charges.

(f) Discharge and dismissal upon a successful conclusion of a disposition of supervision shall be deemed without adjudication of guilt and shall not be termed a conviction for purposes of disqualification or disabilities imposed by law upon conviction of a crime. Two years after the discharge and dismissal under this Section a person may have his record of arrest expunged as may be provided by law. However, any defendant placed on supervision before January 1, 1980, may move for expungement of his arrest record, as provided by law, at any time after discharge and dismissal under this Section." Ill. Rev. Stat. 1979, ch. 38, par. 1005—6—3.1(d), (e) and (f).

The State contends that because the court must make a determination at the end of a period of supervision concerning the entry of a judgment

against the defendant, the period of supervision does not terminate until the court acts. The State distinguishes this process from that found in cases involving probation, where entry of judgment is not deferred until the conclusion of the probationary period. Further, the State argues that the period of supervision had not ended in the case at bar, since the court never made a determination concerning the defendant's completion of his supervision.

The State's second argument is an extension of its first. That is, the State argues that because the defendant failed to file a report of his compliance with supervision (and in fact, could not do so since he allegedly violated at least two of the conditions of his supervision), the court retained jurisdiction, even though the one-year period ended on December 31, 1980. In response, the defendant contends that he should not be held accountable for the report, since that condition of supervision was not included in the formal order of supervision prepared by the State and signed by the trial judge on January 4, 1980. We agree with the defendant. We will not presume awareness of the report requirement merely because the defendant was present in open court, as the trial court did. Rather, the formal written order of the court must control its oral pronouncements. It was incumbent upon the State, who was also present in open court and who prepared the formal order, to seek its modification or amendment so as to include the omitted fifth condition. It did not do so.

We agree with the defendant, also, that the trial court did not retain authority to hear the petition to revoke. The one-year period of supervision ordered by the court began on December 31, 1979. Thus, the one-year period of supervision ended on December 31, 1980. The petition to revoke supervision was filed in April 1981, based upon an alleged October 1980 violation of the conditions of supervision. The State's petition to revoke was filed six months after the alleged offense occurred and four months after the period of supervision had ended. The State made no showing that the period of supervision had been tolled or otherwise attempted to justify its delinquency in filing the petition to revoke. Under the circumstances, the court had no authority, in April 1981, to revoke the defendant's supervision. See *In re Pacheco* (1978), 67 Ill. App. 3d 396; *People v. Randolph* (1981), 98 Ill. App. 3d 696; *People v. Ramirez* (1970), 131 Ill. App. 2d 268, 270-71, 266 N.E.2d 520.

Although we find that the court was without authority to revoke supervision, we do agree with the State that the statutory provisions setting forth the conditions and incidents of supervision require further court action in relation to the defendant's supervision. That is, the court must make a determination as to whether the defendant has successfully complied with all of the conditions of supervision. (Ill. Rev. Stat. 1979, ch. 38,

pars. 1005—6—3.1(d), (e) and (f).) Neither the prior trial court action nor our reversal herein operates as a bar to such further court action as required by these statutory provisions.

For the reasons stated, we reverse the trial court's revocation of supervision, including the imposition of a fine and payment of costs.

Reversed.

STOUDER and SCOTT, JJ., concur.