THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DONALD REDMAN, Defendant-Appellant.

Fourth District   No. 4—83—0658

Opinion filed March 28, 1984.

Daniel D. Yuhas and Janet Sinder, both of State Appellate Defender's Office, of Springfield, for appellant.

Edward Litak, State's Attorney, of Danville (Robert J. Biderman and Perry Lee Miller, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE TRAPP delivered the opinion of the court:

Defendant Donald Redman pleaded guilty to possession of more than 30 but less than 500 grams of cannabis (Ill. Rev. Stat. 1981, ch. 56½, par. 704(d)) and was sentenced to 30 months' probation. A petition to revoke his probation was filed alleging that defendant failed to report to his probation officer as required by the terms of his probation. The violation was proved and defendant was sentenced to three years' imprisonment. Defendant appeals from the judgment of the circuit court of Vermilion County. We remand the cause to the trial court for the issuance of an amended *mittimus*.

The single issue raised by defendant is whether he is entitled to additional credit toward his sentence of imprisonment.

On January 22, 1982, defendant pleaded guilty pursuant to a plea agreement to the offense of unlawful possession of more than 30 but less than 500 grams of a substance containing cannabis. In exchange for the guilty plea, the court agreed to sentence defendant to probation with a maximum of 60 days in jail. Judge Robinson conducted the sentencing hearing on March 11, 1982.

The presentence report prepared by probation officer Phyllis Nelson showed several prior offenses. In 1976, defendant was found guilty and fined for a shoplifting offense which occurred in 1975. In 1981, defendant pleaded guilty to one count of criminal trespass to a motor vehicle and one count of an offense relating to a motor vehicle. Defendant was placed on one year's probation on May 11, 1981.

Defendant's probation officer in the 1981 case (81-CM-253) informed Nelson by letter that defendant had never reported monthly to the probation office as required by the conditions of his probation, and had failed to make any effort to pay the $435 fine, court costs and restitution ordered in that cause. Nelson testified that she spoke to defendant about this on February 8, 1982. She said defendant told her that he had somewhere to go that day, but would start reporting in later on. As of the date of hearing, to her knowledge, he had not

reported.

The State suggested a sentence of 30 months' probation with 60 days' jail time and $30 restitution. The incarceration recommendation was based partially upon defendant's poor attitude toward probation. Defendant's counsel argued that no incarceration should be imposed.

Judge Robinson sentenced the defendant to 30 months' probation, made the requisite findings for imposition of a consecutive sentence under section 5—8—4(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—4(b)), and announced the express terms and conditions of defendant's probation, including 60 days' imprisonment, restitution of $30 and costs of suit. Judge Robinson further stated:

"I think maybe you need a little help at this time with probation, and I'll give you that help. The first time you miss your Court-directed appearance at Court Services, your report, the first time you fail to show up, they're instructed to file a violation petition. And upon prove-up of that violation without sufficient cause, I'll send you off for three years. I'm telling you in advance what that sentence is going to be. If that does not provide the impetus to secure prompt reporting, then we'll just have to do away with reporting and try the penitentiary."

The court advised the defendant that if he obtained his G.E.D. certificate in less than the 60 days' of his incarceration, he would release defendant from further confinement. The trial judge then entered judgment and admonished the defendant as to his rights to appeal. Upon concluding the admonishments, Judge Robinson stated:

"Excuse me just a moment. *The sentence in this case will run consecutively with the sentence previously imposed for the criminal damage.* \*\*\* He's in custody on a 60-day mittimus. Mittimus to issue." (Emphasis added.)

Neither the probation order, dated March 11, 1982, but filed March 25, 1982, nor the docket sheet state that defendant's probation in this cause was to be consecutive to the probation in No. 81-CM-253. The probation order stated that defendant was sentenced to a term of probation: "For a period of 30 months from and after this date," the 30 months being typed into a blank on the form. Nothing had transpired, insofar as the record shows, in the interim between the trial judge's pronouncement of sentence and the signing of the order which might have effected a change in the court's view as to the proper sentence in this cause.

On April 1, 1982, Judge Robinson ordered defendant's release from the county jail and his continuation on probation.

On June 16, 1983, the State filed the petition to revoke probation alleging defendant's failure to report to his probation officer. A hearing was conducted on the petition on September 13, 1983. The court found the State had proved the violation. Probation officer Nelson testified that when she spoke to defendant on February 8, 1982, he was attending school. On that basis, they had agreed that he would report monthly rather than weekly. Nelson testified that defendant had expressed a desire to be employed in another State and that she had informed him that before he could leave the State he would have to have a job lined up. Defendant testified that he had found a job as a concrete finisher in Fort Lauderdale, Florida. He had left the State of Illinois and gone to Fort Lauderdale to seek employment. He had been unemployed there for about five months. He returned to Illinois when he learned that a warrant for his arrest had been issued. He had not paid monies from his Florida earnings toward his fine and costs.

On September 16, 1983, Judge Robinson conducted a sentencing hearing and sentenced defendant to three years' imprisonment. The judge stated that defendant would be given credit for all time served on this offense, whether awaiting trial, awaiting hearing on the violation, or time served initially as a condition of probation.

The *mittimus*, signed September 16, 1983, credited defendant for time served in custody from August 28, 1981, to August 29, 1981, and from September 5, 1983, to September 16, 1983.

■ Defendant contends on appeal that he is entitled to credit for time he spent in jail pursuant to sentence in this cause from March 11, 1982, to April 1, 1982, and for all days thereafter until June 16, 1983, when the State filed the petition to revoke his probation.

The State concedes that defendant is entitled to additional credit toward his sentence of imprisonment for time served in jail as a condition of probation, *e.g.*, from March 11, 1982, to April 1, 1982. The State also concedes that defendant should be credited with time served on probation in this cause, as the court did not expressly deny such credit. (*People v. Hollingsworth* (1982), 89 Ill. 2d 466, 433 N.E.2d 682.) The State argues, however, that defendant's probation in this cause should be found to have commenced on May 11, 1982, and not March 11, 1982, as defendant suggests.

The basis for the State's position lies in Judge Robinson's pronouncement of March 11, 1982, that defendant's probation in this cause was to run *consecutive* to the probation sentence which defendant was then serving—and which expired on May 11, 1982.

We are thus confronted with an inconsistency between the com-

mon-law record, as represented by the docket sheet and the written probation order, and the report of proceedings at trial. Given the circumstances of this case, we conclude that the latter must prevail. In *People v. Allen* (1978), 71 Ill. 2d 378, 375 N.E.2d 1283, while the court specified it did not consider the question raised in this appeal, the court stated:

"In a criminal case the pronouncement of the sentence is the judicial act which comprises the judgment of the court. The entry of the judgment order is a ministerial act and is merely evidence of the sentence. *People v. Moran* (1930), 342 Ill. 478; Accord, *Sasser v. United States* (6th Cir. 1965), 352 F.2d 796." (71 Ill. 2d 378, 381, 375 N.E.2d 1283, 1284.)

In *People v. Moran* (1930), 342 Ill. 478, 174 N.E. 532, the court referenced the rule that the rendition of a judgment and pronouncing sentence of the law are judicial acts, while the entry of a judgment by the clerk is a ministerial act. The State also cites *People v. Thompson* (1977), 51 Ill. App. 3d 447, 366 N.E.2d 1009, and *People v. Webb* (1976), 38 Ill. App. 3d 629, 347 N.E.2d 486.

In *Thompson* the court noted that the sentence reflected in the common-law record was not in accord with that imposed by the trial court as to the one-day period of incarceration, as reflected in the report of proceedings. The court stated that in such circumstances the report of proceedings prevailed, citing *People v. DePratto* (1976), 36 Ill. App. 3d 338, 343 N.E.2d 628, and corrected the common-law record accordingly.

In *DePratto*, the report of proceedings showed the judge did not say on which of three aggravated battery counts he was imposing sentence. The common-law record recited that the judge imposed a sentence of two to six years on each aggravated battery count, the sentences to be served concurrently. The reviewing court ruled that the report of proceedings prevailed over the conflicting common-law record. The court examined the record and determined that the defendant had been found guilty of armed robbery and three counts of aggravated battery, but had been sentenced for aggravated battery without the judge specifying the counts on which sentence had been imposed. The length of sentence imposed was compatible only with the two more serious charges of aggravated battery. Therefore, the cause was remanded to the trial court to vacate the findings of guilty on the armed robbery count, and on the two remaining counts that charged aggravated battery, and issue an amended *mittimus*. See also *People v. Gregory* (1966), 77 Ill. App. 2d 188, 222 N.E.2d 182 (wherein common-law record did not recite adjudication on the charge

of rape; held, when a conflict exists between the common-law record and the bill of exceptions, the former does not necessarily control when consideration of the record as a whole disclosed that defendant was indicted for both burglary and rape, evidence was introduced as to both counts, the trial judge made a finding of guilty on both counts and the court sentenced defendant in accordance with those findings); and *People v. Williams* (1963), 27 Ill. 2d 327, 189 N.E.2d 314 (trial court erred in failing to grant defendant's petition for discharge wherein defendant demanded immediate trial but was refused; defense counsel for another, with whom defendant was jointly indicted and tried, had agreed to a continuance in defendant's absence, although he did not represent the defendant or have any authority from him or his counsel to so act on defendant's behalf).

In *Webb*, also cited by the State, the transcript of proceedings reflected that the trial judge stated at the conclusion of trial that the court found the defendants "guilty of the crime of robbery." Defendants contended on appeal that they were not found guilty of armed robbery. The reviewing court found that the defendants were indicted for armed robbery, charged with that offense at arraignment, that sentences were imposed for armed robbery and that the notice of appeal filed by each defendant was from a judgment of armed robbery. Trial testimony showed use of a gun during the robbery and the judge commented on use of the gun at the sentencing hearing. The *Webb* court stated that where the common-law record is contradicted by facts appearing in the record of proceedings, a reviewing court must look at the record as a whole to resolve the inconsistencies. Accord, *People v. Ford* (1974), 20 Ill. App. 3d 890, 314 N.E.2d 547 (abstract of opinion).

Upon review of these authorities, we conclude that the judge's order of a consecutive sentence of probation, as reflected in the report of proceedings, must be given effect. In so doing we note the distinction between the rendition and entry of judgment:

> "Rendition and entry are separate acts and different in their nature. The rendition of a judgment is a judicial act; its entry upon the record is merely ministerial. *A judgment is not what is entered, but what is ordered and considered.* The entry may express more or less than was directed by the court, or it may be neglected altogether; yet in neither of these cases is the judgment of the court any less its judgment than though it were accurately entered. In the very nature of things, the act must be perfect before its history can be so; and the imperfection or neglect of its history fails to modify or obliterate the

act. That which the court performs judicially, or orders to be performed, is not to be avoided by the action or want of action of the judges or other officers of the court in their ministerial capacity." (Emphasis added.) (1 A.C. Freeman, Freeman on Judgements sec. 46 (5th ed. 1925).)

In this case the record of proceedings makes clear that a consecutive sentence of probation was what was ordered and considered; *ergo*, the requisite findings in support thereof pursuant to section 5—8—4(b) of the Unified Code of Corrections. Hence, in crediting defendant with time served on probation in this cause, the period should be counted from May 11, 1982, to June 16, 1983.

The fact that defendant was placed in jail immediately following the sentencing hearing on March 11, 1982, as a condition of his probation in this cause has no impact in the determination of whether his probation in this cause was consecutive to the term he was already serving.

■ Defendant also argues that there is no provision in the sentencing act for imposition of consecutive terms of probation. This argument was rejected in *People v. Gischer* (1977), 51 Ill. App. 3d 847, 366 N.E.2d 521, which we deem to be controlling.

Accordingly, the cause is remanded for issuance of an amended *mittimus* crediting defendant with the following additional time served: March 11, 1982, to April 1, 1982, which time was served in incarceration as a condition of probation; and May 11, 1982, to June 16, 1983, which time was served on probation prior to the filing of the petition to revoke in this cause. The common-law record is corrected to reflect that defendant was sentenced in this cause to a term of 30 months' probation *consecutive* to the term of probation he was then serving. 87 Ill. 2d R. 615.

Record corrected; cause remanded for issuance of an amended *mittimus*.

GREEN and MILLER, JJ., concur.