THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIAM TACKETT, Defendant-Appellant.

Second District   No. 83—1138

Opinion filed January 31, 1985.

G. Joseph Weller and Jan K. Dargel, both of State Appellate Defender's Office, of Elgin, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Phyllis J. Perko and Marshall Stevens, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE LINDBERG delivered the opinion of the court:

After a jury found William Tackett, defendant, guilty of burglary and armed violence, the circuit court of Du Page County placed him on probation on the armed violence conviction for five years on January 9, 1980. The State filed a petition to revoke his probation on July 14, 1982. Defendant stipulated to the State's petition and on December 1, 1983, the trial judge pronounced his sentence in open court to be an indeterminate period of incarceration of not less than 6⅔ years and not more than 20 years, with credit for time spent in custody. In the written judgment order, dated and filed on the same date,

December 1, 1983, and signed by the trial judge, defendant's sentence was stated to be an indeterminate sentence of not less than six years, eight months and not more than 20 years' imprisonment, with credit given for 377 days of incarceration served but no credit given for time served on probation but not in custody. The mittimus, dated and filed December 5, also included the denial of credit for time served on probation. Defendant appeals from this judgment and argues that the written judgment, which denied him credit for time served on probation, improperly increased the oral pronouncement of sentence imposed in open court. He requests this court to remand the cause and direct the circuit court to issue an amended mittimus giving him credit for time served on probation.

The State filed on appeal a supplemental record comprising a report of proceedings of a hearing held on August 9, 1984, over seven months after defendant filed his notice of appeal, in which the trial judge stated that he never intended to give defendant credit for any probationary time during which he was not in custody. The State's Attorney said that the written judgment was completed immediately after the sentencing hearing and that defense counsel was not present when the order was signed. Defendant has filed objections to the filing of the supplemental record. This court ordered the State's motion to file the supplemental record to be taken with the case.

### I. MOTION TO SUPPLEMENT THE RECORD

■■ Defendant objects to the State's motion to supplement the record. The two cases he relies on to support his objections, *Enlow v. Illinois Central R.R. Co.* (1968), 103 Ill. App. 2d 269, 243 N.E.2d 847, and *Denniston v. Skelly Oil Co.* (1977), 47 Ill. App. 3d 1054, 362 N.E.2d 712, are inapposite. In those two cases, the appellants sought to supplement the record after the appellees responded to the appellants' briefs by arguing the incompleteness of the record. The courts found that under those circumstances, it would be unfair to the appellees, who had already responded to the appellants' briefs, to permit the supplementation of the record.

Nevertheless, we deny the State's motion to supplement the record. Supreme Court Rule 329 (87 Ill. 2d R. 329) permits the amendment of the record where there are material omissions or inaccuracies or if the record otherwise is insufficient to present fully and fairly the questions involved. Here, the record filed by defendant sets out the relevant facts. It contains no material omissions or inaccuracies. The supplemental record merely attempts to clarify the trial judge's intent. The motion to supplement the record is denied.

## II. Pronouncement of Sentence

■ As defendant correctly states, where a trial court when imposing sentence upon the revocation of a defendant's probation does not expressly deny the defendant credit against his jail sentence for time he spent on probation, the defendant is entitled to such credit. (Ill. Rev. Stat. 1983, ch. 38, par. 1005—6—4(h); *People v. Hollingsworth* (1982), 89 Ill. 2d 466, 467-68; *People v. Campbell* (1984), 126 Ill. App. 3d 1028, 467 N.E.2d 1112.) Further, the trial court may not increase a sentence once it has been imposed by subsequently denying credit for time served on probation, since such a denial would result in an increased length of sentence. (*People v. Hills* (1980), 78 Ill. 2d 500, 508; *People v. Stiger* (1979), 69 Ill. App. 3d 188, 191, 387 N.E.2d 55, 57; see generally Annot., 26 A.L.R.4th 905 (1983).) Defendant then argues that the trial court's oral pronouncement of sentence and the subsequent written order represent two separate sentences which require a determination of which sentence prevails. According to defendant, the oral pronouncement of sentence as recorded in the report of proceedings prevails over the conflicting document contained in the common law record. He relies upon *People v. Thompson* (1977), 51 Ill. App. 3d 447, 366 N.E.2d 1009, and *People v. Williams* (1963), 27 Ill. 2d 327.

Defendant's argument implicitly characterizes the oral pronouncement of sentence and the judgment order setting out his sentence as separate transactions so that the oral pronouncement barred a subsequent modification as prohibited in *People v. Hills* (1980), 78 Ill. 2d 500, 508. Although case law lends some support to his argument as he conceives the issue, here the oral pronouncement of sentence and the written judgment were part of a continuing transaction occurring on a single date.

In *People v. Allen* (1978), 71 Ill. 2d 378, the supreme court addressed the issue of whether a notice of appeal filed after the oral pronouncement of sentence but before the filing of the judgment order was timely. The court held that the period of time during which the notice of appeal had to be filed commenced when the trial court orally pronounced the defendant's sentence. The court explained that the pronouncement of the sentence is the judicial act which comprises the judgment of the court, whereas the entry of the judgment order is a ministerial act which merely evidences the sentence. (71 Ill. 2d 378, 381.) The court continued, however, that the "record does not present the question nor need we consider what rule would apply in the event of a discrepancy between the judgment as pronounced and the order as entered." (71 Ill. 2d 378, 381-82.) Thus, the supreme court did not

wish to imply that its holding would mandate that the contents of the oral rendition of sentence would control over the written judgment.

In *People v. Redman* (1984), 122 Ill. App. 3d 787, 462 N.E.2d 21, the oral pronouncement that the probation sentence was to run consecutive to a prior sentence of probation differed from the written probation order dated the same day as the oral pronouncement but filed two weeks later and the docket sheet, in that the latter two made no mention that the probation sentence was to run consecutive to a prior sentence of probation. When the second sentence of probation was revoked and the defendant was sentenced to jail with credit for time served on probation on the second conviction as a result of the trial court's silence, the question arose as to when that probation term commenced to calculate the amount of credit due the defendant. The State, relying on the oral pronouncement that the second sentence was to run consecutive to the prior sentence, argued that the period did not commence until after the first term of probation terminated, which would result in less credit afforded the defendant. The appellate court agreed with the State. It first noted that the record did not show that anything occurred before the written judgment which might have affected a change in the court's view as to the proper sentence. The court analyzed cases which held that where a conflict between the report of proceedings and the common law record arises, the report of proceedings prevails (see *People v. Thompson* (1977), 51 Ill. App. 3d 447, 366 N.E.2d 1009; *People v. DePratto* (1976), 36 Ill. App. 3d 338, 343 N.E.2d 628), and further noted cases which held that while the common law record imports verity, where a conflict arises, the whole record should be considered to determine the matter (see *People v. Williams* (1963), 27 Ill. 2d 327; *People v. Webb* (1976), 38 Ill. App. 3d 629, 347 N.E.2d 486; *People v. Gregory* (1966), 77 Ill. App. 2d 188, 222 N.E.2d 182). The court then concluded that the judge's imposition of a consecutive term as reflected in the report of proceedings must be given effect under the circumstances. It distinguished the rendition of judgment from the entry of judgment, finding that the rendition is not what is entered but what is ordered and considered, whereas the entry of judgment is a ministerial act. An imperfection or neglect in the ministerial act, the court continued, does not result in the modification or obliteration of the judicial act, " 'That which the court performs judicially, or orders to be performed, is not to be avoided by the action or want of action of the judges or other officers of the court in their ministerial capacity.' " *People v. Redman* (1984), 122 Ill. App. 3d 787, 792-93, 462 N.E.2d 21, 24-25, citing and quoting 1 A. Freeman, Freeman on

Judgments sec. 46 (5th ed. 1925).

While the legal propositions in *Redman* appear to support defendant's position, the court did not follow a hard-and-fast rule that the report of proceedings would prevail over the common law record. Rather, it determined that under the particular circumstances before it, the report of proceedings should prevail.

The same result is not warranted under the facts of the instant case. Defendant desires a correction of the mittimus to provide credit for time served on probation. The right to this credit arises from the trial judge's silence when he orally pronounced sentence and not an affirmative statement. Therefore, it is not clear, as it was in *Redman*, that the trial judge "ordered and considered" that defendant should be credited for time served on probation as urged by defendant.

The entry of the written judgment on the *same* date as the oral pronouncement, without anything in the record indicating any development which would have affected the trial judge's view of the proper sentence, supports the conclusion that mere inadvertence caused the trial judge to deny credit when he orally pronounced sentence. Indeed, it appears from the entire record that the trial judge merely did not fully articulate defendant's sentence when he pronounced it in open court. The subsequent written order, therefore, would not constitute an increase of its oral sentencing pronouncement but rather its full articulation.

In arriving at this conclusion, it must be noted that although the appellate courts in *People v. Thompson* (1977), 51 Ill. App. 3d 447, 366 N.E.2d 1009, and *People v. DePratto* (1976), 36 Ill. App. 3d 338, 343 N.E.2d 628, held that where a conflict between the report of proceedings and the common law record arises, the report of proceedings prevails, those cases rely on *People v. Williams* (1963), 27 Ill. 2d 327, where the supreme court held that in such circumstances the reviewing court must look at the record as a whole to resolve the inconsistencies. (See *People v. Jones* (1977), 53 Ill. App. 3d 197, 204, 368 N.E.2d 452, 457.) Reading the record as a whole here, and considering the fact that the written order was dated and filed on the same date as the oral pronouncement, it appears clear that the written order and the oral pronouncement of sentence were one transaction and that the written order represented the full articulation of the sentence. We note that the appellate court in *People v. Hayslette* (1982), 107 Ill. App. 3d 647, 437 N.E.2d 1261, held, without the citation of authority, that "the formal written order of the court must control its oral pronouncements." 107 Ill. App. 3d 647, 650, 437 N.E.2d 1261, 1264.

In *People v. Stiger* (1979), 69 Ill. App. 3d 188, 387 N.E.2d 55, the trial court revoked the defendant's probation and sentenced him to a term of imprisonment. The report of proceedings did not indicate that the judge made any reference to the denial of credit for time served on probation. Similarly, the docket entry and the mittimus issued that day made no reference to credit. Subsequently, on a date the trial court found was not established, a notation initialed by the judge was made in the margin of the docket entry which denied credit for time served on probation. A new mittimus was also issued which denied credit for time served on probation. The appellate court, recognizing that a sentence may not be modified to deny credit, stated that "the trial court's action in changing the record would have been improper unless it was a *nunc pro tunc* correction of the sentence rather than a modification." (69 Ill. App. 3d 188, 191, 387 N.E.2d 55, 57.) The court noted that it was clear from the record that the trial judge intended that the defendant be denied credit, since he indicated that he wanted to impose a sentence of substance, and the granting of credit would have been inconsistent with that desire, and thus concluded that the failure to deny credit was inadvertent. Nevertheless, the court concluded that a record may not be amended merely from oral testimony or recollections of the judge but must be based upon a note or memorandum in the record, the minutes of the judge or papers on file in the case. It observed that the oral pronouncement of sentence was complete. The court then explained that "[a]lthough the intention of the court * * * appears clear, and failure to uphold the court's change in the order will give the sentence little effect, we are even more concerned with the problems arising from a rule permitting *nunc pro tunc* amendment to an order merely because the order as pronounced was illogical under the circumstances of record." (69 Ill. App. 3d 188, 192, 387 N.E.2d 55, 58.) The court thus found the *nunc pro tunc* order to be improper and remanded the cause with directions that the sentencing order be amended to grant the defendant credit for time served on probation and that the mittimus be corrected.

The facts in *Stiger* are distinguishable from those present here. The report of proceedings reflecting the court's oral pronouncement, the docket entry initialed by the judge and the mittimus all dated the same day were silent as to the court's intention to deny credit for time served on probation. All indicated that the trial court's notation at a later date was intended to rectify an error occurring on the date of sentencing in not denying credit for time served on probation. In the instant case, on the other hand, the trial court pronounced sentence and entered its written order thereon on the same date which

under the facts of this case we view to be the same transaction. Therefore, the result in *Stiger* does not require a change in the mittimus in the case at bar.

Courts may determine which to follow, the common law record or the report of proceedings, depending on whether one of those sources has an internal inconsistency or would represent improper action. For example, in *People v. Williams* (1983), 97 Ill. 2d 252, *cert. denied* (1984), 466 U.S. 981, 80 L. Ed. 2d 836, 104 S. Ct. 2364, the supreme court held that the sentencing order may be considered to determine what sentence was imposed since the oral pronouncement of sentence was internally inconsistent. 97 Ill. 2d 252, 310.

In conclusion, viewing the oral pronouncement of sentence and the written order setting out the sentence, occurring on the same date, as one transaction, we conclude that the trial court effectively denied defendant credit for time he served on probation. Under these circumstances, the written judgment did not constitute an increase of defendant's sentence. Defendant's request that this court amend the mittimus is denied.

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

NASH, P.J., and REINHARD, J., concur.