THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DONALD G. OWENS, Defendant-Appellant.

Second District    No. 82—640

Opinion filed July 14, 1983.

Peter M. Donat, of Donat & Donat, of Batavia, for appellant.

Robert Morrow, State's Attorney, of Geneva (Phyllis J. Perko and Frank Weiss, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE NASH delivered the opinion of the court:

Defendant, Donald G. Owens, appeals from a judgment revoking his probation after a hearing in which the circuit court found defendant had violated its terms by committing attempted murder, aggravated battery and armed violence (Ill. Rev. Stat. 1981, ch. 38, pars. 8—4, 12—4, 33A—2). He contends: (1) the circuit court lacked jurisdiction to revoke probation based upon charges which were not filed until after his original term of probation had expired; (2) that he was denied due process by the untimely filing of supplemental petitions to revoke probation; (3) that the evidence was insufficient to establish the offenses upon which the revocation was based; and (4) that the trial court erroneously precluded defendant from testifying to his mental state at the time of the offenses.

Defendant pleaded guilty to burglary on September 28, 1979, and was sentenced to a term of 30 months' probation. On February 25, 1982, the State's Attorney filed a petition to revoke probation for defendant's failure to pay the fine and court costs upon which it was conditioned. Summons was issued that day and subsequently returned unserved. On March 18 the court caused a warrant for defendant's arrest to be issued and it was served upon him on March 29. Defend-

ant's original 30-month term of probation would have expired·March 28, 1982.

On April 6, the State's Attorney filed an amended petition to revoke probation which alleged that on March 18, 1982, defendant had committed the offenses of attempted murder, aggravated battery, armed violence, aggravated assault and unlawful use of weapons. A second amended petition was filed on April 21 which realleged the commission of the offenses on March 18 and, also, that defendant had failed to pay the fine and costs imposed when sentenced to probation.

Four witnesses, including defendant, testified at the revocation hearing to conflicting versions of altercations outside an Elgin tavern and at a service station on the early morning of March 18. Defendant and the two passengers in his car were involved in a series of sideswipes and collisions with a car driven by Donnie Fowler during which, defendant testified, he attempted to fire his revolver at the other car, but it misfired. The cars were driven from the area of the tavern and when defendant learned his had two flat tires he pulled into a gas station. Tyrone Hutton, a passenger in Fowler's vehicle, did not believe defendant had a real gun and wished to confront him; he and Fowler then drove to the service station and parked near defendant's car. Fowler testified that Hutton approached defendant who produced a gun and threatened to shoot if he came closer. When Hutton stepped towards defendant he pulled the trigger; the gun misfired and defendant pulled again and shot Hutton in the chest. Witnesses testified Hutton was not armed.

Other witnesses testified that Fowler and Hutton were accompanied by several other persons when they arrived at the gas station, some of whom attacked one of defendant's friends and three of whom chased defendant. Defendant testified he was hit in the stomach and chest and heard a threat he would be killed. Defendant also testified Hutton approached with a tire iron saying he was going to kill defendant and it was then that he fired the gun.

In direct examination, defendant was asked these questions by his counsel:

"[Defense counsel] Q. At the time you pulled the trigger, did you intend to kill anybody?

A. No, I did not.

Q. At the time you pulled the trigger, what, if anything, were you thinking? What was going through your mind?

Q. What was —

MR. SPENCE: Objection.

THE COURT: Sustained."

No evidence was presented at the hearing relating to the failure of defendant to pay the fine and costs. The trial court found defendant had committed attempted murder, aggravated battery and armed violence revoking his probation on those grounds. He was thereafter sentenced to a term of five years' imprisonment for burglary.

■ Defendant contends first that as his original term of probation expired March 28, 1982, the circuit court lost jurisdiction to revoke probation based upon charges filed after that date.

Section 5—6—4(a)(3) of the Unified Code of Corrections provides:

> "Personal service of the petition for violation of probation or the issuance of such warrant, summons or notice shall toll the period of probation, *** until the final determination of the charge, and the term of probation, *** shall not run until the hearing and disposition of the petition for violation." (Ill. Rev. Stat. 1981, ch. 38, par. 1005—6—4(a)(3).)

Defendant agrees the issuance of the summons on February 25 or warrant on March 18 acted to toll the period of probation, but argues that the sole purpose of this provision is to permit the circuit court to retain jurisdiction over defendant for violations which have been filed, but not adjudicated, prior to the expiration of the original term of probation. As applied to this case, under defendant's theory the issuance of the summons only gives the court jurisdiction over defendant to determine whether he wilfully failed to pay the fine and costs. Defendant suggests jurisdiction was lacking for the court to consider the charges of probation violation in the State's amended petitions filed after March 28, 1982.

We do not agree such a restrictive scope may be placed upon section 5—6—4(a)(3). In plain language it states the issuance of a summons or warrant pursuant to a petition to vacate probation *tolls the period of probation* and the term of probation shall not run until disposition of the petition for violation. The issuance of a warrant itself is sufficient to permit the circuit court to retain subject matter jurisdiction over a probationer past the date his sentence would otherwise expire. (*People v. Williams* (1973), 10 Ill. App. 3d 428, 430, 294 N.E.2d 61.) There is no limiting language in the statute suggesting jurisdiction will be retained only for the purpose of considering charges filed during the original term of probation. We may not create by construction an exception limiting jurisdiction which is not apparent from the plain, unambiguous language of the statute. "In the absence of any differing indication, words of a statute are to be given their plain, ordinary and common meaning." *Airdo v. Village of Westchester* (1981), 95 Ill. App. 3d 568, 569, 420 N.E.2d 472.

Our reading of section 5—6—4(a)(3) is also consistent with its legislative history. Prior to November 14, 1973, the former version of this section provided that the issuance of a warrant shall toll the running of the probation period until the final determination of the charge, "but shall not operate to expand the period of probation of any probationer whose probation is not revoked as a result of the hearing." (Ill. Rev. Stat. 1971, ch. 38, par. 117—3(a).) Subsequent amendments deleted the quoted clause of that section. (See Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—4(a).) The construction urged by defendant may well be consistent with the former statute (see *People v. Clark* (1971), 48 Ill. 2d 554, 557-58, 272 N.E.2d 10), but not with its present form. The fact the legislature deleted that language from the statute is an indication it did so to avoid the result urged here.

The authorities relied upon by defendant are inapposite. In *People v. Green* (1980), 91 Ill. App. 3d 127, 414 N.E.2d 237, the additional probation violation charges were filed *before* expiration of the term of probation. In the present case the charges were alleged to have occurred during the original period of probation, but were not filed until after that term had expired. This court in *Green* rejected defendant's argument that the issuance of a warrant also tolled his obligation to abide by the conditions of his probation. In *People v. Green* (1980), 91 Ill. App. 3d 127, 414 N.E.2d 237, the additional probation violation charges were filed *before* expiration of the term of probation. In the present case the charges were alleged to have occurred during the original period of probation, but were not filed until after that term had expired. This court in *Green* rejected defendant's argument that the issuance of a warrant also tolled his obligation to abide by the conditions of his probation. In *People v. Speight* (1979), 72 Ill. App. 3d 203, 389 N.E.2d 1342, also relied upon by defendant, the court found that the issuance of a probation revocation warrant or summons was unnecessary to toll defendant's probation where he was in custody, was aware of the charges, and had responded to them in court. (72 Ill. App. 3d 203, 211.) *Speight* did not address the issue presented here whether the issuance of a summons or warrant tolls the period of probation. In the other cases offered by defendant the additional charges were not filed until after defendant's probation terms had fully expired. See *In re Sneed* (1978), 72 Ill. 2d 326, 333-34, 31 N.E.2d 272; *In re Pacheco* (1978), 67 Ill. App. 3d 396, 397-98, 384 N.E.2d 986.

■ We conclude that with the issuance of the summons resulting from the State's first revocation petition, defendant's term of probation was tolled and the circuit court thus had jurisdiction to revoke

his probation based upon the charges made in the State's supplemental petitions filed prior to determination of the original charge.

■ Defendant argues alternatively that the failure of the State to file its supplemental petitions to revoke probation before the original expiration date of the probation sentence denied him due process of law. He relies essentially upon *People v. Crawford* (1980), 85 Ill. App. 3d 366, 406 N.E.2d 861, where the court held that the unexcused 17-month delay by the State in seeking revocation of defendant's probation denied due process. In the present case, however, the new offenses in issue occurred on March 18, 1982, and the State did not unreasonably delay, but filed its first supplemental petition on April 6. Defendant has not suggested how he was prejudiced by this short delay and we find he was not denied due process of the law in that regard.

Defendant next argues insufficient evidence was presented to sustain revocation of his probation.

■ The State need only establish a violation of the conditions of probation by a preponderance of the evidence (*People v. Cooper* (1977), 66 Ill. 2d 509, 514, 363 N.E.2d 817), and the determination by a trial court will be reversed only when it is contrary to its manifest weight. (*People v. Crowell* (1973), 53 Ill. 2d 447, 451-52, 292 N.E.2d 721.) The evidence offered by the witnesses of the events on March 18, 1982, was conflicting and the trial court necessarily assessed the relative credibility of these witnesses; it had an opportunity to observe both defendant and the other witnesses and consider their testimony. The trial judge could choose to believe from the evidence that Hutton was unarmed when he approached defendant and that defendant did commit the offenses charged against him. (See *People v. Novotny* (1968), 41 Ill. 2d 401, 412, 244 N.E.2d 182.) We conclude the findings of the trial court are not contrary to the manifest weight of the evidence presented to it.

■ ■ We consider finally whether defendant was improperly denied an opportunity to testify as to his mental state when he shot Hutton.

Where the intention, motive or belief of an accused is material to the issue, he may testify directly to his state of mind or intent at that time. (*People v. Christen* (1980), 82 Ill. App. 3d 192, 194, 402 N.E.2d 373.) In this case defendant was permitted to directly testify he did not intend to kill Hutton when he fired at him. Also, the court in this bench trial was fully apprised by the testimony of defendant and other witnesses that he feared for his own safety and purported to act in self-defense. Defendant testified several persons attacked him and

that Hutton was running towards him with a tire iron saying he was going to kill defendant when he shot. The rejection of evidence is not prejudicial where substantially the same evidence is admitted at another stage of the trial. (*People v. Wallenberg* (1962), 24 Ill. 2d 350, 352-53, 181 N.E.2d 143; *People v. Limas* (1977), 45 Ill. App. 3d 643, 648, 359 N.E.2d 1194.) We conclude any error in sustaining the State's objection to the general question offered by defendant's counsel was harmless.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

REINHARD and UNVERZAGT, JJ., concur.