THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GEORGE BRECHON, Defendant-Appellant.

Second District    No. 86—0051

Opinion filed February 3, 1987.—Modified on denial of rehearing February 25, 1987.

G. Joseph Weller and Manuel S. Serritos, both of State Appellate Defender's Office, of Elgin, for appellant.

Dennis Schumacher, State's Attorney, of Oregon (William L. Browers and Martin P. Moltz, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE INGLIS delivered the opinion of the court:

This is an appeal from an order of the circuit court of Ogle County revoking the probation of the defendant, George Brechon, and sentencing him to two years in the Department of Corrections.

On June 5, 1984, the defendant pleaded guilty to the offenses of unlawful possession of more than 500 grams of cannabis (Ill. Rev. Stat. 1981, ch. 56½, par. 704(e)) and theft (Ill. Rev. Stat. 1981, ch. 38, par. 16—1(a)(1).). On November 8, 1984, he received concurrent sentences of probation. He was also ordered to perform 40 hours of public service and pay a fine of $500.

On July 3, 1985, the State's Attorney filed an amended petition to revoke probation which, in pertinent part, charged as follows:

"As a condition of his probation, the defendant was not to leave the State of Illinois without the consent of the Court. In violation of this order, the defendant on or about June 28, 1985, left the State of Illinois and went to the State of Minne-

sota without the Court's permission."

Defendant's defense was that he thought he had permission to attend Army Reserve at Camp Ripley, Little Falls, Minnesota.

This court notes that other petitions to revoke defendant's probation had been filed charging more serious offenses, but the State elected not to proceed on the petitions, and they will not be considered on appeal.

The facts are undisputed that defendant had been in the Army Reserve for 16 years and was ordered to go to reserve camp at Camp Ripley, Little Falls, Minnesota, from June 28 to July 14, 1986. There is no question that he did in fact attend camp.

Jill Evans, the defendant's probation officer testified that the defendant had reported to her on June 10, 1985. She had been on the job since May 6, 1985, and the June 10 meeting was her first interview with defendant. Her testimony, in pertinent part, provides:

"Q. Did you docket anything or do you remember anything about George Brechon saying to you that he had to go to summer camp?

A. I don't remember him saying that.

Q. Does that mean he didn't say it or you just don't remember?

A. I don't remember. It wouldn't—if he did not state that he was going out of State, I would not necessarily click in my mind that—I mean there's plenty of camps in Illinois, so it wouldn't click in my mind that anything would need to be done.

Q. But it's possible that he talked to you about Army Reserve camp?

A. Possible, not probable."

Evans noted that the defendant talked with her for approximately 15 minutes on June 10, 1985. Evans knew that defendant was in the Army Reserve.

Linda Ketcham, a counselor with the Youth Service Bureau, testified that she saw the defendant on June 10, 1985. He had discussed his pending trip to army reserve camp, which had caused him to reschedule July's appointment. Ketcham described defendant as very responsible and forthright.

Defendant testified that he had a court date on June 10, 1985, and following that hearing he proceeded to see his probation officer (Evans) and his counselor (Ketcham). He testified that he had received his orders to go to reserve camp in Minnesota. He stated that Evans asked a number of questions during the interview as she examined his file and he told her about his orders to go to camp. He further testi-

fied that he left the probation office and proceeded to Ketcham's office where he also informed her that he was going to camp in Minnesota. On cross-examination, he explained that he thought that if he informed the probation officer, an officer of the court, of his intention to leave the State that he would comply with the terms of his probation. He stated he received his orders early in June. He explained that on previous occasions when he had been on probation he handled his reserve camp in a similar manner.

■■ Based on the record, the trial court stated that he believed the defendant had wilfully violated the conditions of his probation. This finding is not supported by a preponderance of the evidence as required by section 5—6—4(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, par. 1005—6—4(c)). A determination by the trial court will be reversed only when it is contrary to the manifest weight of the evidence. (*People v. Owens* (1983), 116 Ill. App. 3d 51, 56, 451 N.E.2d 988; *People v. Wadelton* (1980), 82 Ill. App. 3d 684, 687, 402 N.E.2d 932.) Here, defendant's counselor and defendant both testified that defendant had discussed his impending trip. Moreover, defendant's probation officer could not deny that he also discussed it with her. We conclude the findings of the trial court are contrary to the manifest weight of the evidence.

■ The second point raised by the defendant that the mittimus should be corrected to reflect that the theft was a Class 4 felony was agreed to by the State, and the trial court is directed to make that correction.

The judgment of the circuit court of Ogle County is reversed and vacated and remanded with directions.

Reversed and vacated and remanded with directions.

LINDBERG, P.J., and NASH, J., concur.