UNITED STATES of America

v.

**Thomas A. ELLIS, Linda Pryor, Gary McGee, John R. Myers, Jimmy Frank Myers, Rolin "Butch" Mitchell and Leesa Ellis.**

**Crim. No. J86–00096(B).**

United States District Court,
S.D. Mississippi,
Jackson Division.

Feb. 6, 1987.

Joe Holloman, Asst. U.S. Atty., Jackson, Miss., for U.S.

Sam Wilkins, John Colette, Bobby Delaughter and Bil Kirksey, Robert Murphree, Jackson, Miss., for Ellis.

## MEMORANDUM OPINION AND ORDER

BARBOUR, District Judge.

This matter is before the Court on the Motion of Defendants John R. Myers, Jimmy Frank Myers, Rolin "Butch" Mitchell, and Lesa Ellis to Dismiss Counts II and III of the indictment as these counts relate to the Defendants. Count II alleges these Defendants conspired to knowingly and corruptly influence, obstruct and impede the due administration of justice, and Count III alleges that these Defendants did knowingly and corruptly influence, obstruct and impede and endeavored to influence, obstruct, and impede the due administration of justice in violation of 18 U.S.C. § 1503 by disclosing information concerning a pending drug investigation of Thomas A. Ellis. The four defendants presenting this Motion are not involved in Count I of the indictment. The Court finds the Motion is well taken and grants the Motion to Dismiss Counts II and III.

## FACTS

The facts gathered from the pleadings, affidavits, and hearing on the Motion are these. Thomas A. Ellis and other co-Defendants were being investigated by the Mississippi Bureau of Narcotics. On or about September 24, 1986, Lt. Earl Pierce of the Mississippi Bureau of Narcotics contacted an Assistant United States Attorney to request that the United States Attorney's Office assume responsibility for prosecuting the case. The United States Attorney's office agreed to prosecute and requested further investigation. Shortly thereafter Lt. Pierce notified Dan Davis of the Mississippi Bureau of Narcotics that the case would be handled in federal court. On or about October 1, 1986, the Defendant Mitchell, a member of the Mississippi Bureau of Narcotics, became aware of the drug investigation of Thomas Ellis and informed John R. Myers, a Mississippi State

Highway Patrolman, of the investigation. John Myers and Mitchell telephoned Ellis' residence, spoke with his wife, Leesa Ellis, and informed her of the investigation of Thomas Ellis. Thereafter on October 1, 1986, John Myers and Jimmy Frank Myers, also a state highway patrolman, travelled to Jackson, Mississippi, to discuss the investigation with Leesa Ellis. On October 3, 1986, a pre-prosecutive report was filed with the United States Attorney's office. A pre-prosecutive report is an inter-office memorandum used in the United States Attorney's office to make an office record of cases which the office is investigating. Subpoenas were issued on October 9, 1986, for the Defendants to appear before a federal grand jury on October 17, 1986.

## LAW

The crime of obstruction of justice is found in 18 U.S.C. § 1503. Section 1503 can be divided into two parts: its specific language forbids the influencing, intimidation, or impeding of any witness, juror or court official, and its concluding omnibus clause punishes the influencing, obstruction, or impeding of the due administration of justice. 18 U.S.C. § 1503; *United States v. Howard*, 569 F.2d 1331, 1333 (5th Cir.1978). In the United States Court of Appeals for the Fifth Circuit, the prerequisite to any violation of Section 1503 is the existence of a pending judicial proceeding known to the violator. *United States v. Vesich*, 724 F.2d 451, 454 (5th Cir.1984). A grand jury investigation has been held to be such a judicial proceeding. *Id.; Howard*, 569 F.2d at 1337. The question this Court must resolve in this motion is whether there was a pending judicial proceeding on October 1, 1986, when the acts allegedly in violation of Section 1503 occurred.

The Fifth Circuit has declined to establish a threshold or rule by which some formal act of the grand jury will be required to establish "pendency." *Vesich*, 724 F.2d at 455. The parties agreed that *Vesich* is the leading case on Section 1503 in the Fifth Circuit. The obstruction charge in *Vesich* was that the defendant urged and attempted to persuade a potential grand jury witness to testify falsely before a federal grand jury. In *Vesich* a grand jury had been impaneled and the witness had signed a written agreement to testify before a federal grand jury. The witness and the United States Attorney mutually expected and intended for the witness to testify before a then-impaneled federal grand jury, therefore the witness was not subpoenaed. *Id.* at 456. The court found this was sufficient for the judicial proceeding to be "pending" for purposes of Section 1503. Also, the court found that the jury could correctly find from the facts that the defendant Vesich knew or believed when he spoke to the witness concerning his testimony that the witness would appear before a federal grand jury to testify on narcotics trafficking. *Id.* at 457–58. The Fifth Circuit designated *Vesich* as on the "outer perimeters" of Section 1503. *Id.* at 456–57.

In other cases the Fifth Circuit addressed the question of whether a person was a witness for purposes of Section 1503. *See United States v. Davis*, 752 F.2d 963 (5th Cir.1985); *Hunt v. United States*, 400 F.2d 306 (5th Cir.1968). Although the court in *Davis* stated that one may be a witness even if not yet under formal subpoena and whether or not the legal proceeding relevant to the "witness" status has even been commenced, *Davis*, 752 F.2d at 974, the grand jury investigation had already taken place and the parties were awaiting a trial. It was clear in *Davis* that there was a pending judicial proceeding to which Section 1503 applied. In *Hunt* the court held that an informer was a "witness" before the convening of a grand jury, but the facts established that certain individuals had been charged with violating federal narcotics laws and had already appeared for a preliminary hearing before a United States Commissioner. *Hunt*, 400 F.2d at 307. The judicial proceeding had already begun with the preliminary hearing. "Section 1503 comes into play at least when a complaint has been filed with a United States Commissioner." *Id.* at 308.

■ In the present case, on the date of the alleged obstruction of justice a charge

had not yet been brought against the co-defendants and a pre-prosecutive report was not filed until October 3, 1986. A federal grand jury was impaneled at the time, but no subpoenas had been issued nor had the grand jury been apprised of the drug investigation. The government asks this Court to find that an oral agreement between the United States Attorney's office and a state investigative agency was a sufficient act in furtherance of the presentation of the case to a federal grand jury to establish a "pending judicial proceeding" under Section 1503. This Court declines to so expand the law of *Vesich* and finds that there was no judicial proceeding pending at the time of the acts. The Defendants may have obstructed a government agency's investigation, but their actions do not fall within the purview of Section 1503. This Court agrees with the Ninth Circuit that "the obstruction of a government agency's investigation is insufficient to trigger Section 1503." *United States v. Brown*, 688 F.2d 596, 598 (9th Cir.1982).

■ As to the scienter requirement of Section 1503, no evidence of the Defendants' knowledge of a federal grand jury proceeding has been produced other than the government's proffer that Dan Davis of the Mississippi Bureau of Narcotics probably would have given notice to Mitchell. For the foregoing reasons, the Court finds that there was not a pending judicial proceeding known to the movants at the time of their acts on October 1, 1986. Therefore, the indictment fails to allege violations of 18 U.S.C. § 1503, and Counts II and III of the indictment are hereby dismissed. This decision renders the moving Defendants' Motion to Supress Statements moot, and also renders Co-Defendant Gary McGee's Motion to Sever Count I from Counts II and III moot.

Accordingly, Counts II and III of the indictment are hereby dismissed and the Defendants John R. Myers, Jimmy Frank Myers, Robin "Butch" Mitchell and Leesa Ellis and the sureties on their appearance bonds are released.