THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TODD LAWS, Defendant-Appellant.
Fourth District No. 4—89—0602

Opinion filed July 26, 1990.

Daniel D. Yuhas and Karen Munoz, both of State Appellate Defender's Office, of Springfield, for appellant.

Scott H. Walden, State's Attorney, of Quincy (Kenneth R. Boyle, Robert J. Biderman, and Donna Dagnall, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

On July 21, 1989, the circuit court of Adams County sentenced defendant Todd Laws, following a revocation of his probation for the offense of theft over $300 (Ill. Rev. Stat. 1989, ch. 38, par. 16—1), to five years' imprisonment in the Illinois Department of Corrections, with said sentence to run consecutively to a prison sentence presently being served in Missouri. Defendant now appeals, alleging (1) the petition to revoke his probation was not resolved in a speedy fashion; (2) the court did not have jurisdiction to hear the amended petition; (3) the sentence imposed is excessive; and (4) the court erred in imposing consecutive sentences. We affirm.

On October 1, 1985, following a plea of guilty to the offense of theft over $300 (Ill. Rev. Stat. 1985, ch. 38, par. 16—1), defendant was placed on a three-year period of probation. In March 1986, a petition to revoke this probation, alleging that defendant illegally possessed alcohol and that he failed to attend required counseling, was filed. Defendant failed to appear, and an arrest warrant was issued on April 6, 1986.

In November 1986, defendant was arrested for participating in several armed robberies in Florida. In 1987, defendant filed two notices pursuant to the interstate agreement on detainers act (Detainers Act), which is codified in section 3—8—9 of the Unified Code of Corrections (Ill. Rev. Stat. 1987, ch. 38, par. 1003—8—9), requesting a prompt hearing on the petition to revoke his probation. Each notice was dismissed for procedural reasons.

In April 1988, defendant filed another such motion. Counsel was appointed for defendant and the matter was repeatedly continued. Discussions between the court and the attorneys established that, since defendant had been in prison in Florida, efforts were being made during this time to resolve this case with a plea being taken by mail. On December 27, 1988, new counsel was appointed. The State also received permission to file an amended petition to revoke probation. On January 10, 1989, the amended petition was filed. It still alleged defendant had illegally possessed alcohol in 1986, but it now also alleged he committed the offense of armed robbery in Florida.

On July 10, 1989, defendant, appearing with counsel, admitted he violated his probation by committing the armed robbery offense. The other allegation was withdrawn. On July 21, 1989, defendant was sentenced to five years' imprisonment, to be served consecutive to a prison sentence he was then serving in Missouri. This appeal followed.

Defendant initially contends the State failed to bring the petition to revoke to a hearing within the time strictures of the Detainers Act, and the petition should therefore have been dismissed. The Detainers Act provides that once certain conditions exist and the defendant gives the prosecuting attorney and the court notice, then he shall be brought to trial within 180 days. (Ill. Rev. Stat. 1989, ch. 38, par. 1003—8—9.) Defendant calculates, not including time attributable to continuances with which he agreed or which he caused, that more than 180 days elapsed from his request on March 25, 1988, until his admission on July 10, 1989. Accordingly, he believes this cause should have been dismissed.

■■ However, a review of the record establishes defendant has waived his right to be brought to trial within the required time period. The court order filed on September 30, 1988, provides, "Defendant specifically waives his right to a speedy disposition of this cause through his counsel." The right to a speedy trial is a personal one which may be waived. (*People v. Milani* (1966), 34 Ill. 2d 524, 527, 216 N.E.2d 816, 818.) Here, defendant, through his attorney, did so.

Defendant seems to suggest that somehow the change of attorneys in December 1988 reinvigorates his speedy disposition request. However, once this right is waived, it is waived. The number of different attorneys involved or any other circumstance does not change this. It is not up to the court and the State to keep track of changing circumstances which might indicate a defendant has changed his position on waiving his speedy disposition request. If a defendant wishes to have a speedy disposition once he has waived one, he must specifically request one on the record. Absent such, the waiver is still in effect. In the present case, no request for a speedy disposition appears on the record after the September 30, 1988, waiver. Accordingly, the State was not required to dispose of the case within 180 days.

Defendant's second contention is that the trial court was without jurisdiction to revoke his probation. Defendant's original petition to revoke was filed in 1986. On January 10, 1989, an amended petition was filed which contained one count included in the 1986 petition and an added count alleging the Florida armed robbery. It is to this added count which defendant admitted. However, defendant's original proba-

tion was scheduled to end on October 1, 1988. Defendant therefore contends, observing that subject-matter jurisdiction over a defendant on probation lasts only for the duration of probation (see *People v. Carter* (1988), 165 Ill. App. 3d 169, 518 N.E.2d 1068), that the trial court was without jurisdiction to revoke his probation on allegations raised for the first time after his probation term expired.

■ Section 5—6—4(a)(3) of the Unified Code of Corrections (Ill. Rev. Stat. 1989, ch. 38, par. 1005—6—4(a)(3)) provides:

> "Personal service of the petition for violation of probation or the issuance of such warrant, summons or notice shall toll the period of probation, \*\*\* and the term of probation \*\*\* shall not run until the hearing and disposition of the petition for violation."

In *People v. Owens* (1983), 116 Ill. App. 3d 51, 451 N.E.2d 988, the court was asked to address the identical question now before us. That court stated:

> "We do not agree such a restrictive scope may be placed upon section 5—6—4(a)(3). In plain language it states the issuance of a summons or warrant pursuant to a petition to vacate probation *tolls the period of probation* and the term of probation shall not run until disposition of the petition for violation. The issuance of a warrant itself is sufficient to permit the circuit court to retain subject matter jurisdiction over a probationer past the date his sentence would otherwise expire. (*People v. Williams* (1973), 10 Ill. App. 3d 428, 430, 294 N.E.2d 61.) There is no limiting language in the statute suggesting jurisdiction will be retained only for the purpose of considering charges filed during the original term of probation. We may not create by construction an exception limiting jurisdiction which is not apparent from the plain, unambiguous language of the statute. 'In the absence of any differing indication, words of a statute are to be given their plain, ordinary and common meaning.' *Airdo v. Village of Westchester* (1981), 95 Ill. App. 3d 568, 569, 420 N.E.2d 472." (Emphasis in original.) (*Owens*, 116 Ill. App. 3d at 54, 451 N.E.2d at 990.)

We agree with this well-reasoned analysis and conclude that, since the issuance of the warrant with the initial petition to revoke tolled the period of probation, the trial court had jurisdiction to revoke defendant's probation, based on the allegations contained in the amended petition filed after the date the original probation was to end.

Defendant next contends the court erred in imposing the five-year sentence, which is a statutory maximum. He maintains the trial court

punished him for the crimes committed by him while on probation, rather than sentencing him for the probation offense.

■■ In *People v. Young* (1985), 138 Ill. App. 3d 130, 485 N.E.2d 443, this court concluded that a sentencing court could properly consider a defendant's conduct on probation, and that criminal offenses committed by a defendant while on probation are properly considered in aggravation. This court then said:

"We conclude, and now state explicitly as the approach upon review of such questions, that a sentence within the statutory range for the original offense will not be set aside on review *unless* the reviewing court is strongly persuaded that the sentence imposed after revocation of probation was *in fact* imposed as a penalty for the conduct which was the basis of revocation, and *not* for the original offense." (Emphasis in original.) *Young*, 138 Ill. App. 3d at 142, 485 N.E.2d at 450.

Defendant was originally placed on probation for the instant felony theft on October 1, 1985. The presentence report establishes that on September 19, 1980, he was placed on juvenile court supervision for a burglary. On January 12, 1981, in another case, he was adjudicated a delinquent and placed on probation for two more burglaries. In February 1981, petitions were filed alleging he violated his probation and supervision, and he was placed at Chaddock Boys School until February 1982. Defendant, in July 1982, violated his probation and supervision by committing another theft. His probation was extended. Defendant's probation was repeatedly extended for failure to pay the court-ordered restitution. In 1985, upon its payment, the probation was terminated.

As an adult, defendant pleaded guilty to criminal trespass to a motor vehicle in April 1985, and he was placed on one year's probation. At the same time, he pleaded guilty to a misdemeanor theft on a Pike County charge which was transferred to Adams County, and he was also placed on probation. The probation officer's report indicates defendant was not cooperative. The record establishes the court and the State's Attorney both felt such a defendant normally should go to prison. However, due to the lenient treatment of a more culpable co-defendant by the Missouri authorities, they felt this would be unfair. The court placed defendant on the present probation, with the strictest warning that defendant was very close to prison.

A supplemental presentence report was filed for the July 21, 1989, sentencing hearing. This established that, at the time of the original sentencing, defendant had a pending burglary charge in Missouri. He was eventually placed on five years' probation and given a

three-year suspended sentence. In February 1989, this probation was revoked, and defendant is now serving the three-year sentence. In November 1986, defendant was involved in a series of armed robberies in Florida. In one county he was sentenced to five years in prison, and in another county he was placed on 15 years' probation.

The State recommended the maximum five-year sentence be imposed. The court, observing defendant had repeated chances of probation and had responded by committing serious offenses, stated:

> "So based on your prior record, the fact that you committed other offenses while on probation, you will be ordered to serve the maximum sentence of five years in the Department of Corrections. It's further going to be provided that that sentence run consecutively to the sentence that you are serving in the State of Missouri.
>
> You did the crimes, you're going to do the time. That's what they say and that's what you are getting, Mr. Laws. You receive no consideration from me. You have earned no consideration. You have done nothing but cause problems and endanger yourself and other people by the commission of very serious criminal acts."

■ It is apparent in imposing sentence the court considered only proper factors, including defendant's serious criminal conduct while on probation. Defendant's sentence is justified by his past criminal record and his repeated probation failures alone. It is entirely appropriate for a court to reassess and devalue a defendant's rehabilitative potential, based upon his criminal conduct since he was placed on probation (see *Young*, 138 Ill. App. 3d at 140, 485 N.E.2d at 449), which is essentially what occurred in the present case. The fact that defendant committed the armed robberies while he was on a "last chance" probation only acts as an exclamation point to this conclusion. There is no error.

■ Finally, defendant maintains he improperly received a consecutive sentence, since the court did not admonish him of that possibility when he pleaded guilty in 1985. Supreme Court Rule 402(a) (107 Ill. 2d R. 402(a)) provides that prior to accepting a guilty plea, the court shall admonish the defendant to "the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences." The failure to admonish a defendant, when the court is aware of the possibility of consecutive sentences, of this possibility bars the subsequent imposition of consecutive sentences. *People v. Butler* (1989), 186 Ill. App. 3d 510, 521, 541 N.E.2d 171,

177; *People v. Flannigan* (1971), 131 Ill. App. 2d 1059, 1063-65, 267 N.E.2d 739, 743-44.

The record at the sentencing hearing of August 21, 1985, fails to disclose any mention of the pending Missouri charges. Defendant observes the Missouri charges were mentioned in passing at the sentencing hearing on October 1, 1985. He thus maintains the court must have known about the charges on August 21 and, relying on *Butler*, insists the court is precluded from imposing consecutive sentences.

However, *Butler* does not support defendant's position. There, the court had taken separate pleas from defendant and placed him on probation for both offenses. These were subsequently revoked, and the court imposed consecutive sentences. In reversing these sentences for the failure to admonish as to possible consecutive sentences at the time of the original plea, the court observed that defendant's guilty pleas were entered the same day and, accordingly, the court was aware that consecutive sentences were a possibility. *Butler*, 186 Ill. App. 3d at 521, 541 N.E.2d at 177.

■ In the present case, there is no such evidence that the court was aware at the time of the plea that such a possibility existed. The fact that 40 days later the court knew of this charge does not establish otherwise. While it may be good practice for trial courts, in probation pleas, to admonish the defendant of the possibility of consecutive sentences if the probation is revoked, this is not required. (See *People v. Crain* (1988), 165 Ill. App. 3d 1052, 1054, 519 N.E.2d 1134, 1135.) Since the record fails to establish that at the time the plea was entered the court was aware of the Missouri charges and the possibility of consecutive sentences, it was not error for the court to give no admonition as to that possibility.

Affirmed.

STEIGMANN and McCULLOUGH, JJ., concur.