THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LINDA M. CRAWFORD, Defendant-Appellant.

Fourth District   No. 4—01—0478

Opinion filed March 20, 2003.

APPLETON, J., dissenting.

Daniel D. Yuhas and Susan M. Wilham, both of State Appellate Defender's Office, of Springfield, for appellant.

Scott Rueter, State's Attorney, of Decatur (Norbert J. Goetten, Robert J. Biderman, and Perry L. Miller, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

Defendant, Linda M. Crawford, was charged with harassment of a witness pursuant to section 32—4a(a)(2) of the Criminal Code of 1961 (Code) (720 ILCS 5/32—4a(a)(2) (West 2000)) and convicted after a bench trial. The trial court sentenced her to 24 months' probation. Defendant appeals, contending the State failed to prove she harassed anyone who was a witness, or who might have been expected to serve as a witness, in a pending legal proceeding. We disagree and affirm.

The facts are not in dispute. A 14-year-old girl, Stevie M., awoke on October 14, 2000, believing someone was in her bed. She felt an

object enter her vagina. She rolled away and turned and saw David Crawford leaving her bedroom.

Two days later she reported the sexual assault to her mother, Sherry. Sometime later during the month of October, Sherry accompanied her daughter, Stevie M., to the police station, where Stevie M. made a complaint about the incident to a City of Decatur police officer, Jeremy Welker. On November 9, 2000, David Crawford learned from the police Stevie M. had made a complaint against him for the sexual assault.

On that same date, he told the defendant, who is his sister, and other family members about the complaint. Thereafter, on the same date, defendant and Nicole McKinnon went to Sherry's residence, where defendant threatened physical harm to Sherry if she did not stop talking about the incident. Defendant later admitted to Officer Welker that she told Sherry to keep her mouth shut about the investigation of David Crawford, stating, "If it was your brother, you would try to get them to keep their mouth shut too."

There were disputes at trial about what was said and whether Sherry would fit the definition of "a witness," given that Stevie M. was the complainant. However, the trial court resolved the factual disputes, applied the statute, and concluded (1) the State proved defendant communicated a threat to Sherry, (2) the threat was directly related to the charges pending against defendant's brother, *and* (3) as the mother of a 14-year-old who has made a complaint of molestation, Sherry might well be a witness.

On appeal, defendant abandons the arguments made to the trial court and essentially acquiesces in the trial court's assessment of the evidence. The issue now presented—for the first time—is whether an essential element of the statute was proved—that is, was a legal proceeding pending?

When defendant made the threat to Sherry, David Crawford had been interviewed by the police, but he had not been arrested. He was first charged with aggravated criminal sexual assault by indictment on November 21, 2000—some 12 days after defendant threatened Sherry.

■ Section 32—4a(a) of the Code provides as follows:

"Harassment of representatives for the child, jurors, witnesses[,] and family members of representatives for the child, jurors, and witnesses.

(a) A person who, with intent to harass or annoy one who has served or is serving or who is a family member of a person who has served or is serving (1) as a juror because of the verdict returned by the jury in a pending legal proceeding or the participation of the juror in the verdict or (2) as a witness, *or who may be expected to*

*serve as a witness in a pending legal proceeding*, because of the testimony or potential testimony of the witness, communicates directly or indirectly with the juror, witness, or family member of a juror or witness in such manner as to produce mental anguish or emotional distress or who conveys a threat of injury or damage to the property or person of any juror, witness, or family member of the juror or witness commits a Class 2 felony." (Emphasis added.) 720 ILCS 5/32—4a(a) (West 2000).

This case focuses our attention on the phrase "pending legal proceeding" in section 32—4a(a)(2) (720 ILCS 5/32—4a(a)(2) (West 2000)). Defendant contends the phrase "pending legal proceeding" must mean an active judicial proceeding, which begins with the filing of formal charges against a criminal defendant. Because no formal charges had been filed against David Crawford, no legal proceeding was pending. The State argues a pending legal proceeding, for the purposes of this statute, began when Stevie M. and her mother reported the sex crime to the police and the police began their investigation, which culminated in the arrest, prosecution, and conviction of David Crawford.

Defendant relies on the definition of "prosecution" to bolster her position. Section 2—16 of the Code provides: " 'Prosecution' means all legal proceedings by which a person's liability for an offense is determined, commencing with the return of the indictment or the issuance of the information, and including the final disposition of the case upon appeal." 720 ILCS 5/2—16 (West 2000).

■ The defendant's reliance on this definition is misplaced. The word "prosecution" does not appear in section 32—4a(a) of the Code, nor does the statute contain the phrase "any matter pending in any court"—the phrase found in the statute that prohibits communicating with jurors or witnesses. 720 ILCS 5/32—4 (West 2000). This suggests "pending legal proceeding" is not limited to a prosecution, and it need not be a matter already pending in court.

The purpose of the statute is to prevent a witness—or someone who may be expected to be a witness—from being harassed or threatened. Defendant's reading of the statute would permit someone to threaten a witness to a crime to discourage them from testifying as long as the threat is conveyed *before* a criminal charge is filed. We do not believe the legislature intended to provide a window of opportunity for miscreants to threaten or harass a witness *after* the witness has lodged a complaint with the police but before the criminal prosecution begins.

A criminal investigation is a pending legal proceeding within the

context of section 32—4a(a)(2) of the Code. To hold otherwise would defeat the purpose of the statute and lead to an absurd result.

Affirmed.

STEIGMANN, J., concurs.

JUSTICE APPLETON, dissenting:

I respectfully dissent from the majority's decision, to wit, that the term "pending legal proceeding" in section 32—4a(a) includes a police report or even a police contact. Defendant threatened Sherry after Sherry complained to the police and the police interrogated David Crawford but before the filing of a formal charge or even an arrest.

Unless the statute says otherwise, we must give words and phrases in the statute their common, ordinary meaning. *People v. Laws*, 200 Ill. App. 3d 232, 236, 558 N.E.2d 638, 640 (1990). Section 32—4a(a) does not specifically define "pending legal proceeding"; therefore, we must give the phrase its common, ordinary meaning. "Legal proceedings" are "proceeding[s] *** instituted *in a court or tribunal*." (Emphasis added.) Black's Law Dictionary 906 (7th ed. 1999). Thus, a police investigation is not a "legal proceeding." "Pending" means "[r]emaining undecided; awaiting decision." Black's Law Dictionary 1154 (7th ed. 1999). When defendant threatened her, Sherry was not "expected to serve as a witness in a pending legal proceeding" (see 720 ILCS 5/32—4a(a) (West 2000)), because there was no "pending legal proceeding" at the time.

While arising in a different context, the term "pending court proceedings" was defined in *People ex rel. Hopf v. Barger*, 30 Ill. App. 3d 525, 332 N.E.2d 649 (1975). There, the defendants were charged with a violation of "An Act in relation to Meetings" (the Open Meetings Act) (Ill. Rev. Stat. 1971, ch. 102, par. 42) for their participation in a closed meeting to discuss with the city council committee, its attorney, and others, the subject of contemplated litigation, to wit, annexation of land. The court there said:

> "We must agree with defendants' contention that 'pending' cannot be reasonably interpreted to include preliminary discussion with an attorney to secure advice on either the bringing of suit or the defense of a suit which is either threatened or likely to be brought against the city. *** The traditional concept of litigation begins in terms of 'notice, pleading, trial[,] and appeal' [citation], and presumably it is at that point that the litigation is 'pending.' "

*Barger*, 30 Ill. App. 3d at 536-37, 332 N.E.2d at 659.

*Cf. United States v. Ellis*, 652 F. Supp. 1451, 1452-53 (S.D. Miss. 1987)

(grand jury proceeding not "pending" until it has actually begun); *Johnson v. McCaughan, Carter & Scharrer*, 672 P.2d 221, 222 (Colo. App. 1983) (action is "pending" after it is commenced by either filing a complaint or serving a summons).

These facts disclose a pending citizen complaint to the police, not a pending legal proceeding. The majority reads into the definition of the statutory term at issue the *possibility* of a legal proceeding. What if the police were investigating a complaint and, during the investigation, someone threatened a potential witness, but the State nevertheless determined, after the threat, that it would not prosecute because the complaint was ill-founded? The majority's unwarranted expansion of the statute's plain and ordinary meaning would make it applicable to such conduct.

I agree with the majority that miscreants should not be allowed to threaten or harass a witness—either prior to or after such a witness lodges a complaint with the police. Such conduct is properly prosecuted as the offense of intimidation. 720 ILCS 5/12—6 (West 2000). That is what this defendant did, on these facts, and she should have been charged with and prosecuted for that offense, not for harassing a witness. I would reverse her conviction for harassment of a witness, an offense that is patently inapplicable to her case.