No. 2--05--1135      Filed: 11-14-07

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 04--CF--2332 |
| ALLEN B. JONES, | ) ) | Honorable George J. Bakalis, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE McLAREN delivered the opinion of the court:

Defendant, Allen B. Jones, appeals the trial court's order revoking his probation and resentencing him to four years in prison for the offense of stalking (720 ILCS 5/12--7.3(a)(1) (West 2004)), arguing that the State failed to prove that defendant did not report to the Du Page County probation department, or, in the alternative, that his failure to report to the probation department was willful. The petition to revoke probation alleged that defendant violated his probation by completely failing to report to the Du Page County probation department. We affirm.

Defendant's main contention is that the State was required to prove that his failure to report to the Du Page County probation department was willful. Defendant cites People v. Brechon, 151 Ill. App. 3d 1040 (1987), to support this contention. However, Brechon is factually distinguishable. In Brechon, the defendant's probation officer led the defendant to reasonably believe that he was permitted to leave Illinois during his probation period. In this case, there was no evidence that

defendant reasonably believed that he did not have to report to the Du Page County probation department. Therefore, Brechon is not controlling.

The State suggests that willfulness only applies to a failure to pay and not to report. The State cites to People v. Clark, 268 Ill. App. 3d 810 (1995). Clark involved the failure to pay a financial obligation, not a failure to report. Clark thus addressed section 5--6--4(d) of the Unified Code of Corrections (Code) (730 ILCS 5/5--6--4(d) (West 2004)), which sets forth as follows the need for the State to prove that a defendant's failure to comply with a condition of probation was willful:

> "Probation, conditional discharge, periodic imprisonment and supervision shall not be revoked for failure to comply with conditions of a sentence or supervision, which imposes financial obligations upon the offender unless such failure is due to his willful refusal to pay." (Emphasis added.) 730 ILCS 5/5--6--4(d) (West 2004).

The primary objective of statutory interpretation is to determine and give effect to the legislature's intent, and this inquiry properly begins by examining the language of the statute at issue. People v. McCarty, 223 Ill. 2d 109, 124 (2006). The interpretation of a statute presents a question of law, which we review de novo. McCarty, 223 Ill. 2d at 124. The best indication of the legislature's intent is the language of the statute, given its plain and ordinary meaning. McCarty, 223 Ill. 2d at 124.

Section 5--6--4(d) of the Code provides that the State must establish that the offender's conduct was willful if the basis for the revocation was his failure to meet a financial obligation. It does not apply beyond financial obligations. See Clark, 268 Ill. App. 3d at 813-14 (defendant's probation was revoked because he willfully failed to pay court-ordered fines, costs, and restitution;

the opinion did not consider the failure to report). In this case, the State did not allege that defendant failed to meet a financial obligation. Rather, the State alleged that defendant failed to report to the Du Page County probation department. Thus, we agree with the State that neither Clark nor section 5--6--4(d) applies in the instant case. Defendant has not cited to any other authority, nor has our research disclosed any other authority, that requires willfulness as an element of proof of a probation violation. We believe that the State is not required to prove willful intent where an offender has failed to comply with the condition of reporting to the probation department. See People v. Jurisec, 199 Ill. 2d 108, 120-21 (2002) (revocation does not require culpability, and insanity and intoxication are not defenses with reference to a violation).

After finding a violation, a trial court has discretion in deciding whether to revoke probation, and we will not disturb the trial court's ruling unless it is an abuse of that discretion. The State has the burden of demonstrating, by a preponderance of the evidence, that the defendant violated a condition of his probation. 730 ILCS 5/5--6--4(c) (West 2004); see Jurisec, 199 Ill. 2d at 127, quoting People v. Davis, 123 Ill. App. 3d 349, 354 (1984) (revocation of probation was not an abuse of discretion because " 'defendant had not achieved and could not achieve the principal objective of his probation' " (emphasis omitted)). A defendant's failure to report to his probation officer even once can provide sufficient grounds to revoke probation. See People v. Walsh, 273 Ill. App. 3d 453, 460 (1995); In re B.R.J., 133 Ill. App. 3d 542, 545 (1985) ("Failure to report to the probation officer alone, in the discretion of the trial court, is sufficient grounds to revoke probation"). In addition, defendant himself testified that he did not report to the Du Page County probation department. This is competent evidence to support the revocation of his probation. See People v. Hudson, 34 Ill. App.

3d 94, 96 (1975) (defendant's admission that he failed to report was sufficient to support the revocation of probation).

Defendant argues that he had no money for transportation from his residence in Cook County. However, defendant failed to explain why he could not secure gainful employment, borrow the money for transportation, or ask a friend for a ride to Du Page County. Further, defendant failed to explain why he failed to call the probation department to explain his dilemma and ask for financial assistance, as suggested by the trial court upon sentencing. These are matters that relate to the court's exercise of its discretion to revoke probation, not to its finding of a violation. Defendant has failed to establish that his alleged indigency is material as to whether he violated his probation or that the trial court abused its discretion in revoking his probation. See Jurisec, 199 Ill. 2d at 120-21, quoting People v. Allegri, 109 Ill. 2d 309, 314-15 (1985) (" '[p]ersonal culpability is not required for a court to revoke a sentence of probation' "). Considering defendant's failure to establish facts that indicate an abuse of discretion, we determine that no abuse of discretion occurred.

For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

BOWMAN and ZENOFF, JJ., concur.